MINA GIMBLE *v.* F. S. GOODE.

The rights granted the widow, or minor children of a deceased person, by the Homestead Act of 17th March, 1852, vest in them at the time of the death of the deceased—provided their condition of life at that moment of time, entitle them to the benefit of the provisions of the Act—their pecuniary circumstances at the time of death of the insolvent and not at any subsequent time settles their right to any claim under the Homestead Act.

APPEAL from the District Court of the parish of Terrebonne, *Roman,* J. *Connelly & Rightor* and *Semmes & Labatt,* for plaintiff and appellant. *Goode & Aycock,* for defendant.

COLE, J. 1. We are of opinion, that the rights granted the widow or minor children of a deceased person, by virtue of the Homestead Act, of 17th March, 1852, vest in them at the time of the death of said deceased, in the event they come within its provisions at that moment of time; their condition then in pecuniary matters, and not at any subsequent time, is to be the test of their right to any claim under the Homestead Act.

2. Even conceding that the widow did intermeddle with the estate of her husband, her unlawful acts can not deprive the minor of her rights; the said Act empowers the widow, or minor children to receive a certain amount, when they are in necessitous circumstances. The minor children have the right to claim the benefit of the Act, even if the deceased person has left no widow, their right is then independent of the existence of the widow, and, *a fortiori,* if a widow does exist, her acts of mal-administration can not affect the rights of the minor.

3. The minor child of plaintiff appears to have been in the condition, at the time of the death of her father, which entitles her to the relief of the Homestead Act.

4. Plaintiff has entered into a second marriage, and has been authorised by a family meeting to retain the tutorship of her minor child; she is then by the second section of the Homestead Act no longer entitled to the usufruct of the money to be received under said Act. The said section declares, "That the surviving widow shall have and enjoy the usufruct of the money so received from her deceased husband's succession, during her widowhood, afterwards to vest in, and belong to the children or other descendants of said deceased."

The money due the minor in the case at bar must be paid to the plaintiff as natural tutrix of her minor child, and she is not therefore compelled to furnish security, as in the case where she would have the usufruct, if she were still a widow.

It is, therefore, ordered, adjuged and decreed, that the judgment be avoided and reversed, and that plaintiff, as natural tutrix of her minor child, *Lina,* recover of *F. S. Goode,* administrator of the estate of *Michel Gimble,* deceased, one thousand dollars, for the use and benefit of said minor child, to be paid in preference to all other debts, except those for the vendor's privilege and expenses incurred in selling the property; it is further ordered, that said *F. S. Goode,* administrator, place plaintiff, as natural tutrix of her said child, on the tableau of his administration, for said thousand dollars, with privilege as aforesaid, and that he pay the same in due course of administration.

It is further ordered, that the costs of both courts in this proceeding be paid by the estate.

BUCHANAN, J., took no part in this decision.