## No. 744.

### SUCCESSION OF J. G. WHITE.

It is the financial condition of the widow at the moment of her husband's death, and not her condition at the time she applies for the widow's portion of one thousand dollars, which determines whether she is entitled to that portion.

The removal of the widow from this to another State, will not impair her right to the widow's portion.

The creditors of a succession can not demand that the widow shall give security for the safe return of the widow's portion to the heirs.

APPEAL from the Parish Court of Bossier parish. *Fort*, J.

*J. D. Watkins*, for opponent and appellant.

*J. A. Snider*, for administratrix.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MANNING, C. J. The administratrix moves to dismiss on the ground that the claim of the opponent is less than five hundred dollars.

The claim of the opponent is not in controversy. It is acknowledged by the administratrix. He opposes the allowance of the widow's portion which exceeds that sum. The motion is denied.

### ON THE MERITS.

J. G. White died in Bossier parish in July 1876. His widow was appointed administratrix of his succession, and the property was sold by

her under an order of the parish court for the payment of debts.    The
sales were made in December of same year, and about the time of the
last sale, the widow removed to Texas, and has not returned.

On March 2d 1877, a tableau was filed for her, ranking the debts of the
deceased, and of the succession, upon which her widow's claim of one
thousand dollars is placed.    Lane, an acknowledged creditor, opposes it.
The succession is confessedly insolvent.

There is no doubt that the widow was in necessitous circumstances at,
and after her husband's death, and at the time of filing the tableau.  The
opponent insists upon the authority of McCoy's case, (26 Annual 686.)
that the condition of the widow at the time the claim is made must de-
termine her right.    This is in direct conflict with the dictum of Gimble
v. Goode, (13 Annual 352); also Suc. Marx, (27 Annual 99.) that the right
of the widow and of the minor children of a decedent to the portion
secured to them under the act of 1852, vests in them at the moment of
the death of the deceased, and their condition then, and not at any sub-
sequent time, is the test of the rightfulness of their claim.    We think
this is the sounder doctrine, and is more in harmony with the manifest
intent of the act, which was to ward off from the widow and young chil-
dren of one recently dead, the misery of unmitigated destitution, and to
cover, as with a shield, these helpless mourners from the pitiless shafts
of poverty, at the moment when the protecting arm of the husband and
father was made powerless by death.

It is also contended by opponent that whatever may be the time that
controls the right of the necessitous widow, if she does not reside in this
State at the time her portion is formally demanded, she will not be en-
titled to receive it.    On the other hand we are referred to a reported
case, Suc. of Christe, (20 Annual 383.) wherein it was ruled that a sur-
viving necessitous widow, who had never been in the State, was entitled
to the benefit of the act of 1852, a dictum we do not approve.

As the right of Mrs. White accrued at the moment of her husband's
death, her subsequent removal from the State did not annihilate it.  She
was a resident of Louisiana during the coverture, and at its termination,
and may well be considered as falling within the designation of 'its own
widows', used in Stewart's case (12 Annual 89.) when applying a different
principle.

The opponent argues that as the widow in this case has only the usu-
fruct, if she is permitted to take the money out of the State, the minor
children may be deprived of the benefit which the act secures to them.
To this suggestion it may be answered, 1. that it does not concern the
creditor what becomes of the money if it be once ascertained and de-
termined that it does not belong to the fund which he can make availa-
ble to the payment of his debt.    And 2. we have no power to compel the

widow to give security for the production of the money at her death. She is the mother of the minors and hence their natural tutrix.

The legislature has not thought proper to protect the interests of the minor further than they are in the Act which created this special provision for them, although twenty-five years of experience under it must have presented cases not unlike the present, and it is not for us to supply any omission which may be discovered in practically applying it.

Judgment affirmed.