## No. 7629.

SUCCESSION OF H. DEBOISBLANC. OPPOSITION OF CREDITORS.

| 32 | 17 |
|-----|-----|
| 115 | 610 |

Where it appears that a surviving widow, who is contending for the $1000 allowed out of the husband's succession to a widow in necessitous circumstances, is the owner of a policy of insurance on the life of her deceased husband for $5000, the payment of which is resisted by the company issuing the policy in a suit then pending between it and the widow, the $1000 out of the husband's succession will be allowed to her, on condition that she give proper bond and surety to return that sum to the said succession, so soon as she shall receive a like sum from said insurance company ; or else, in lieu of said bond, that she assign to said succession, so much of the judgment to be recovered of the insurance company, or her demand against that company in said suit, as will equal the sum paid to her by the legal representative of the succession.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*E. & J. Legendre* for the widow, appellant.

*Francis W. Baker* for opponents, appellees.

*Robert Mott* and *Francis B. Lee* for the Public Administrator.

E. & J. Legendre, for the widow, appellant, contended :

First—That Mrs. Boisblanc and her children were entitled to the homestead claim, because the policy held by them is not *property* in the sense of the act of 1852.

Second—That the word *property* in the act means an object, real, substantial, with an intrinsic or commercial value attached to it ; that it means an absolute right, giving full title and dominion over the object, and not a qualified property of a temporary interest, liable to be destroyed on the happening of an event.

Third—That a policy of insurance is not a piece of property, but merely the evidence of a contract. Succession of Hearing, 26 An. 326.

Francis W. Baker, for opponents and appellees, contended :

That a widow who owns a policy of insurance on the life of her deceased husband is not in necessitous .circumstances, and therefore not entitled to the homestead allowance of $1000. C. C. art. 3252 ; 18 An. 36 ; 26 An. 686 ; 28 An. 832 ; 29 An. 702 ; 30 An. 669 ; 31 An. 36.

The opinion of the court was delivered by

MANNING, C. J. The administrator of Boisblanc's succession placed upon his tableau the sum of one thousand dollars, to be paid the widow of the deceased as her portion under the Act of 1852, now incorporated in the Civil Code as an addendum to art. 3219, new no. 3252. The insolvency of the succession is admitted.

There is a policy of insurance on Boisblanc's life for five thousand dollars for his wife's benefit, upon which she has instituted suit, and

2

which was said on the oral argument, by the counsel for the creditors, to have been determined in her favor on the previous day, but by her counsel to be then undetermined. The creditors oppose the allowance of the widow's portion on the ground that she is not in necessitous cir- cumstances, being owner of this life policy. It is admitted that she has nothing else.

The counsel for the widow invokes as conclusive the decision in White's Suc. 29 Annual, 702, wherein we held that the pecuniary condi- tion of the widow at the moment of her husband's death must determine her right to the portion reserved for widows in necessitous circum- stances. We then discarded M'Coy's case, 26 Annual 686, as authority, because it was in direct conflict with Gimble v. Goode, 13 Annual 352, and had been overruled already, by the same court that decided it, in Max's case, 27 Annual 99.

Recognizing the doctrine in White's succession as authority in its entirety, and applying it here, we find that at the moment of the hus- band's death, the widow became entitled apparently to a sum much larger than the law sets apart for necessitous widows. The event that made her a widow is the contingency upon which *eo instanti* her right to that sum ensues. No one can pretend that if she had actually re- ceived it, her claim in the present proceeding could be listened to for an instant. But it seems to have been supposed that her claim should be finally determined against her, because she was prosecuting a suit on the insurance policy, and it was accordingly rejected in the lower court. On the other hand the counsel for the widow urges that this chose in action is not 'property,' in the sense in which that word is used in the Act of 1852, and as the suit is undetermined, that she is entitled to a present absolute judgment for the sum allotted to her as a widow's portion.

Courts would be singularly devoid of power to prevent injustice, when the possibility of inflicting it was staring them in the face, if it were not within their authority and discretion to make a decree in such suit which shall protect all the parties to it.

The meaning of the Act under consideration cannot be mistaken. If the widow or minor children have nothing—are in necessitous cicum- stances—she is entitled to one thousand dollars from her husband's succession. If she or the minor children have any species of property, not amounting in value to that sum, or have money not of that amount, she is entitled to so much as, when added to what she or they have, will make up that sum. At the moment of the husband's death, the widow Boisblanc became possessed of the right to demand, sue for, and receive the sum secured to her by the life insurance policy, and this is such property as is contemplated by the Act. It may be that she will not

perfect that right by obtaining judgment against the Insurance Company, or that she may be unable to execute the judgment, if obtained, for the whole sum or a part thereof. Our decree will assure her her rights, and it will protect the creditors of her husband's succession.

It is ordered and decreed that the judgment of the lower court, amending the administrator's account by disallowing the sum of one thousand dollars to the widow, is avoided and reversed, and it is further ordered and adjudged that the account, in so far as it allows the above mentioned sum to the widow is approved and homologated, subject to this proviso and condition, that before the administrator shall be required to pay that sum to her, she shall give bond, with security to be approved by the Judge of the Second District Court of Orleans parish, for the prompt and faithful return to the administrator of the sum received by her from him, so soon as she shall have received a like sum from the Insurance Company defendant in her suit on the Life Policy; or else, in lieu of said bond, that she transfer and assign to said administrator so much of the judgment to be recovered of the Insurance Company, or of her demand against that Company in said suit, as will equal the sum paid to her by him.

It is further ordered that the widow Boisblanc recover of the opponents the costs of this appeal.