No. 7813.

SUCCESSIONS OF WILLIAM E. EDWARDS AND LAVINIA WILSON.

The failure to annex to a delinquent roll the affidavit required by law does not vitiate the registry resulting from the recording of the roll.

A minor may be allowed under proper conditions one thousand dollars from the estate of a deceased mother, adhering to Succession of Mary Coleman, 27 A. 289. The condition of the minor at date of the death is the criterion by which to fix necessitous circumstances.

A minor's claim against his tutor must be liquidated before it can be enforced.

APPEAL from the Parish Court of Iberville. *Cole*, J.

---

E. B. Talbot for opponent and appellant :

The statute which allows $1000 to the minor children in necessitous circumstances, in the succession of their father, does not apply to the succession of their mother. The text of the law is so clear, that its letter cannot be disregarded under the pretext of pursuing its spirit. C. C. article 13 ; 29 An. 64 ; 29 An. 703 ; 30 An. 671.

Until a final account of tutorship has been rendered, the minor, arrived at the age of majority, has no claim against the succession of the former tutrix for any specific sum of money. 29 An. 526.

The list of delinquent taxpayers not being recorded as required by law; the State can claim no privilege. 29 An. 508.

The privilege of the State for taxes is prescribed by three years. 22 An. 246.

Harry L. Edwards, for the succession, appellee :

The minor in necessitous circumstances is entitled to the $1000 in the

succession of the mother. Such is the intention of the law. Any other interpretation would destroy its very object. 27 An. 289.

The right vests in the minor at the moment of the parent's death, and it is only to be considered if, at that moment, the minor was in necessitous circumstances. 13 An. 352; 29 An. 702; 27 An. 99; 18 An. 36.

When the claim of the minor, arrived at the age of majority, against his former tutor, is *liquidated*, it can be recognized and enforced against his succession, without the necessity of a previous account of tutorship. 23 An. 361; 24 An. 190.

The opinion of the court was delivered by

WHITE, J.   The testamentary executor of Mrs. Lavinia Edwards and administrator of W. E. Edwards presented his final account. Sundry oppositions were filed, which were in part sustained, and in part rejected. Two of the opponents, A. Talbot and H. L. Edwards, appeal. The amendment of the judgment not having been prayed by any of the appellees, nothing is before us but the matters presented by the oppositions of the appellants.

1.   State and parish taxes for the years 1873, 1874, 1875, and 1876 were placed on the account as privileged; they are opposed as not privileged for the want of proper assessment and registry of delinquent rolls, and because the privilege for the years 1873 and 1874 is prescribed.

The tax-roll for each of the years assessed the property as belonging to estate of Edwards, W. E., Widow; "it was described as eighty-acres tract of land, right bank of Mississippi river, bounded above by estate B. Rills, below by Azema Broussard;" the only difference in the various assessments being that in 1873 and 1875 A. Broussard stands in stead of Azema, and in 1876 the property is stated as bounded below by lands of J. T. Lefeaux. The testimony is, that up to 1868 the upper line was in part bounded by lands of B. Rills, and the lower in part by lands of Mrs. Broussard. That about 1868 the land on the upper line was transferred to Gay, and that Lefeaux became the owner of the lower Broussard tract at a date not mentioned. We consider the description as sufficiently accurate. One of the boundaries was certainly correctly given. The delinquent rolls we understand from the testimony to have been recorded; this being so, the failure to make the affidavit while it might have justified a refusal to register, does not vitiate the registry when made, nor do we consider the limitation in the act of 1877 to be retroactive.

2.   Mrs. Edwards, at the date of her death, left a daughter, then a minor, in necessitous circumstances. She was placed on the account for

one thousand dollars, under the act of 1852. Talbot opposed, on the ground that the minor was entitled to the one thousand dollars from the succession of the deceased father, and not from that of the mother, and because, since the death of the mother, the daughter has married, and is not now in necessitous circumstances. The first objection was held to be not well taken in Succession of Mary Coleman, 27 A. 289. We are asked to reconsider the question and overrule the conclusion of our predecessors, on the ground that it is in direct violation of the terms of the act of 1852. We do not consider the reconsideration proper or necessary to be had. As said in City vs. Hermann, " the construction of a statute is always a matter of delicacy, and when once made, should not be lightly abandoned ;" and we are not disposed to do so, " unless compelled by a conviction that a previous conclusion has been reached without consideration, or is so manifestly wrong as to leave no room for doubt." ' While if the question were new, we' might hesitate to adopt the view taken in the Coleman case, it is far from certain that the terms of the statute do not justify that view. The words " whenever the widow or minor child of a deceased person " are certainly broad enough to authorize the minor to claim from the estate of either the father or mother. True, the subsequent words "from the succession of their deceased father or husband " would seem to limit the word " person," but the effect of this seeming restriction is doubtful in view of the terms of C. C. 3556. Be this, however, as it may, the construction given by our predecessors involved necessarily an interpretation of the statute consequent on the ambiguity of its terms, and we will not overrule it. That the condition at the time of death is the criterion, has been determined. 29 A. 702.

3. The deceased received as tutrix the amount of a legacy which belonged to two of her children. It was put on the account as secured by the tutorship mortgage. It is contended that the general mortgage of the minors can only be enforced after rendition of account. We have so held. 29 A. 256. In fact, *non constat,* that any thing be due the minors until the account has been rendered. It is said this amount is liquidated, and hence removed from the operation of the rule. We do not so think ; nor do we think the cases cited sustain the position. We will, however, reserve the rights of the parties.

It is therefore ordered, that in so far as it recognizes Ida P. and H. L. Edwards as mortgage creditors, the judgment below be reversed, reserving the rights of said parties to claim against the fund herein to be distributed, or any other such sum as may be found due on final settlement of the tutorship account. That in all other respects said judgment be affirmed, costs of both courts to be borne by the succession.