Statement of the Case.
MONROE, C. J.
The administrator of this estate filed an account showing “Active mass, $2,438.90,” and “Passive mass, $2,420.10,” thus leaving $18.80, which he proposes to distribute to the mother and three brothers (himself included) of the decedent, as the heirs at law. The widow filed an opposition to the account, alleging that she was left by decedent in necessitous circumstances, that there were no children by the marriage, and that she is entitled to be paid $1,000 by preference over all claims recognized on the account, with certain specified exceptions. On the trial of the opposition, counsel for the administrator objected to the admission of any evidence in its support, on the ground that the petition discloses no cause of action, in that it does not allege that opponent wab in necessitous circumstances when it was filed, and does not allege that decedent left no minor children. Such evidence as opponent offered was, however, allowed to go in, the objection being reserved to the effect; and it was shown that she and decedent were married in Atlanta, Ga., on June 11, 1911, and came to Ville Platte, La., arriving on the following day; that they lived together until the latter part of October, 1911, when opponent, by advice of her physician, went to Lawrenceville, Ga., to the residence of her daughter, where she remained three months, after which she returned to Atlanta, and has since lived there; that at the time of her husband’s death she was without means, and was dependent on him for support, and since his death has tried to support herself by working on a commission, but has not been altogether successful, and has been largely dependent on her children (by a prior marriage). It was shown that, within a month or so prior to his death, decedent had instituted a suit against opponent for separation from bed and board, alleging abandonment, which suit abated upon his death. The trial judge was of opinion that the objections to the evidence were well founded, and, moreover, that opponent, having abandoned decedent, say, three years before his death, was not entitled to assert a claim as a widow in necessitous circumstances. There was judgment dismissing the opposition, and opponent has appealed.
Opinion.
The opponent relies on so much of article 3252 of the Civil Code as reads:
“Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own right property to the amount of one thousand dollars, the widow or the legal representatives of the children shall be entitled to demand and receive from the succession of the deceased husband or father, a sum, which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which amount shall be paid in preference to all other debts, except those for the vendor’s privilege and expenses incurred in selling the property. The surviving’widow shall have and enjoy the usufruct of the amount so received from her deceased husband’s succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband.”
[1, 2] The meaning of the law thus quoted, as heretofore interpreted by this court, is that, where a decedent leaves a widow, or minor children, in necessitous circumstances, the widow, or the minor children, as the case may be (or the widow and minor children, if there be left a widow and minor children). *791 so situated, become entitled to $1,000 or to so much as, added to what they or either of them own in their own right, will make up $1,000, at the moment that they are thus left —the condition at that moment being the criterion by which the question of “necessitous circumstances” vel non is to be determined. Succession of White, 29 La. Ann. 702; Successions of Edwards and Wilson. 32 La. Ann. 457. As the widow, in this case, alleged that there were no children of the marriage, and the administrator, in his petition, had alleged that the decedent died without issue, and.those allegations were not controverted, the fact that he left no minor children was established, and no evidence upon that point was required.
[3] As to the other point, counsel have referred to some authorities to the effect that where, prior to the death of the husband, the wife had left him and at the moment of his death was living with another man, or was leading a life of prostitution, she was not entitled to an allowance such as is here claimed; but those cases have no application in this case, since all that this record discloses is that the opponent left the matrimonial domicile on account of her health and by the advice of her physician, and that for about three years, prior to her husband’s death, she had remained away, but, according to her uncontradicted testimony, depending upon him for support. It is true that, shortly before his death, he brought suit against her for separation from bed and board, alleging that she had disregarded her marriage vows, in that she had left the matrimonial domicile, soon after her marriage, and returned to Atlanta, that he had repeatedly requested her to return, and that she had refused so to do; but the suit abated with his death, and those allegations remain unproved, are unattempted to be proved,, and opponent continued- to be decedent’s wife up to the moment of his death, and, for aught that the evidence shows, was entirely blameless with respect to their living apart from each other.
In the Succession of Christie, 20 La. Ann. 383, 96 Am. Dee. 411, it was held that, where the husband, domiciled in Louisiana, died leaving property in -this state, the surviving wife was entitled to the benefit of the homestead law (the law here in question), though she had never resided here. It is true-that that ruling was disapproved in Succession of White, supra, but neither the ruling nor the disapproval having any appreciable bearing in this case. It is to be observed, however, that, though the opponent now before the court asserts her claim as' a preferred creditor, without any qualification, the law upon which she relies declares that:
“The surviving wife shall have and enjoy the usufruct of the amount so received from her deceased husband’s succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of her deceased husband.”
A provision the operation of which we are not now called on to inquire into. For the reasons thus assigned:
It is ordered and decreed that the judgment appealed from be annulled, and that there now be judgment in favor of the opponent recognizing her as the widow in necessitous circumstances of the decedent, and, as such, entitled to receive from the administrator of the succession the sum of $1,000, agreeably to the provisions of article 3252 of the Civil Code, and that such administrator pay her that amount from the funds in his hands, by preference over all other debts of the succession, except such as may be secured by a vendor’s privilegé and those incurred in the selling of the succession property. It is further decreed that the costs of this litigation be paid by the succession.
O’NIELL, J., concurs in the decree.