No. 2195

Second Circuit Appeal

EUNICE DEMOUEY NORMAND v. HARRIETTE THOMPSON, ET AL.

(June 23, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Executors and Administrators—Par. 110, 111.**
The fact that a widow claiming $1000.00 under Article 3252 of the Civil Code, had left the matrimonial domicile two years before the death of her husband and had lived apart from him furing that time does not of itself, deprive her of her right accorded by that article.

2. **Louisiana Digest—Succession—Par. 59.**
Under Articles 1422 and 1424 of the Civil Code the defendants having unconditionally accepted the succession of the deceased as his heirs and having themselves placed in possession of his property are responsible to his widow, each for her verile share of the $1000.00 accorded the widow in necessitous circumstances under Article 3252 of the Civil Code.

Appeal from the Fourteenth Judicial District Court of Louisiana, Parish of Avoyelles, Hon. S. Allen Bordelon, Judge.

This is a suit coupled with an attachment brought by the widow in necessitous circumstances against the heirs of her husband to recover the $1000.00 allowed her under the Civil Code.

There was judgment for plaintiff but dissolving the attachment without damages, and defendants appealed.

Judgment amended and affirmed.

Porterie and Bordelon, of Marksville, attorneys for plaintiff, appellee.

Couvillon and Bordelon, of Marksville, attorneys for defendants, appellants.

REYNOLDS, J. This is a suit by Eunice Demouy Norman against Harriette Thompson Lehman, Rebecca Thompson Saucier, Octavia Thompson Goudeau and Carrie

Thompson Robinson to recover $250.00 from each of them with legal interest thereon from judicial demand, as one-fourth from each of them of the widow's $1000 claim of the plaintiff as widow in necessitous circumstances of Scott Normand, whose succession the above named defendants as his heirs unconditionally accepted.

Petitioner also asked for and obtained a writ of attachment under which a tract of land situated in Avoyelles parish that had belonged to the deceased Scott Normand and of which the defendants had been put in possession was seized.

Defendants answered, admitting that the plaintiff was the widow of Scott Normand as alleged, but denied that she was left in necessitous circumstances, because, as they allege, she was not living with her husband at the time of his death, having abandoned the matrimonial domicile a long time before his death, and was living in New Orleans after her abandonment of the matrimonial domicile. They admit there was no issue of the marriage between plaintiff and Scott Normand, and deny, for lack of knowledge, the allegation of necessitous circumstances.

They allege that by noncupative will, duly executed and probated, Scott Normand constituted them his universal legatees and that by judgment of court they were recognized as such and sent into possession of his property.

Defendants moved to dissolve the attachment on the ground that it had been illegally obtained and on trial of the motion it was sustained and the attachment dissolved and the property seized thereunder released but without damages.

From this judgment plaintiff appealed.

The case was tried on its merits and on May 17, 1924, judgment was rendered in her favor against each of the defendants for $197.50 with legal interest thereon from January 2, 1924, and costs.

Defendants moved for a new trial and it was denied.

Defendants have appealed.

Three of the defendants perfected their appeal; but one of them, Mrs. Octavia Thompson Goudeau, failed to sign the appeal bond, though named as one of the principals therein, and plaintiff claims that this was an abandonment of her appeal.

## OPINION

The question to be determined is whether Mrs. Eunice Demouy Normand, as widow in necessitous circumstances of Scott Normand, is entitled to collect from defendants, who unconditionally accepted his succession and were placed in possession thereof as his universal legatees, the $1000 allowed by Civil Code, 3252.

The only defense set up is that at the time of the death of Scott Normand plaintiff and her husband were not living together, but for about two years had been living apart; he at their domicile in Avoyelles parish, and she in the city of New Orleans.

The evidence shows that the separation was not the result of any misconduct on the part of the wife but rather it was the husband's conduct that caused her to leave his home and that at the time of his death in New Orleans he was on a mission to his wife to make amends for having driven her from their home and to seek to induce her to return thereto.

In our opinion this case falls within the rule laid down in Coreil's Estate, 145 La. 787, 83 South. 13, where the court said:

"The fact that a widow, claiming $1000 under Civil Code, Article 3252, had left the matrimonial domicile in this state three years before the death of her husband, and had lived apart from him during that time in another state, does not, of itself, deprive her of the right accorded by that article."

The evidence shows that the only property plaintiff has is $75 that she received on account of the accidental death of her husband and household furniture valued at $60. These two amounts must be deducted from the $1000 claimed, thus reducing her claim to $865.

Our learned brother of the District Court held her liable for $150 paid for the wrongful death of Scott Normand; but plaintiff did not receive the whole amount paid, $75 of it having been paid to the attorney who prosecuted the claim, and we think the plaintiff should be charged only with the $75 that she actually received, and that therefore the amount of the judgment that should have been rendered against each of the defendants was $216.25.

Plaintiff has answered the appeal and has asked that the amount of the judgment against each of the defendants be increased to $216.25 with legal interest from January 2, 1924.

Plaintiff has a valid claim against the succession of her deceased husband for $1000, less $60 as the value of the furniture and $75 received on account of his wrongful death, or $865, and defendants, having unconditionally accepted the succession of Scott Normand as his heirs, and having had themselves placed in possession of his property, are responsible to her each for her virile share of this amount under Articles 1422 and 1424 of the Civil Code.

Defendants insist that damages for wrongful issuance of the attachment should be allowed, but we think the evidence justified the trial court in refusing to sustain the attachment and also in refusing to allow damages on dissolution of the writ.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be amended so as to read as follows:

It is ordered, adjudged and decreed that plaintiff, Mrs. Eunice Demouy Normand do have judgment against Mrs. Harriette Thompson, wife of Paul Lehman; Mrs. Rebecca Thompson, wife of Jules L. Saucier; Mrs. Octavia Thompson, wife of Jessie L. Goudeau, and Mrs. Carrie Thompson, wife of Willie Robinson, each in the sum of two hundred and sixteen and 25-100 dollars with legal interest thereon from January 2, 1924, until paid, and all costs.