No. 3198

Second Circuit

SUCCESSION OF HAWK
OPPOSITION OF MRS. SADIE HAWK

(November 8, 1928.   Opinion and Decree.)

A. S. Drew, of Minden, attorney for plaintiff in opposition.

B. F. Barnette, of Arcadia, attorney for defendant in opposition.

## STATEMENT OF THE CASE

REYNOLDS, J.  This is a proceeding by rule by Mrs. Sadie Hawk, widow of Willie A. Hawk, deceased, against G. L. Hawk as administrator of the succession of the deceased, alleging that she was, at the time of the death of her husband, in necessitous circumstances, and demanding to be paid one thousand dollars out of his succession as widow in necessitous circumstances pursuant to Article 3252 of the Civil Code.

The administrator, defendant in rule, denied that the widow was in necessitous circumstances or that she was so at the time of her husband's death and alleged that she was a school teacher by profession and was at the time of her husband's death and had been since then engaged in teaching and earning enough money to maintain herself in her usual condition and station in life.

On these issues the case was tried and there was judgment rejecting her demand and recalling and dissolving the rule and she has appealed.

## OPINION

Plaintiff in rule contends that whether she was a widow in "necessitous circumstances," within the meaning of Article 3252 of the Civil Code, or not, must be determined from her pecuniary condition at the time of her husband's death and not thereafter, nor from her ability to earn a living.

Our learned brother of the District Court gave no reasons nor cited any authority for his judgment, nor has able counsel for the administrator cited us to any authority supporting it, and we do not know of any.

The widow herself testified:

"Q. At the time of your husband's death, December 25th, 1925, did you own any real estate?

"A. No.

"Q. Own any personal property?

"A. No.

"Q. Did you own anything of any value?

"A. Did not.

\* \* \*

"Q. You owe money at this time?

"A. I do.

"Q. That is money contracted for after the death of your husband?

"A. Yes.

"Q. Are you able to pay this money back?

"A. No.

"Q. At the time of your husband's death, were you forced to borrow money?

"A. I was.

"Q. Has that money been paid back?

"A. No.

"Q. Have you any other income besides your teaching?

"A. No.

"Q. Have you any income from property or stock or anything of that nature?

"A. I have not.

"Q. Your income depends on what you make teaching school?

"A. My income is teaching school.

\* \* \*

"Q. Have you got any other income than $60.00 per month for six months per year?

"A. I have not."

She further testified that she paid her husband's burial expenses out of her own earnings and that these expenses amounted to about $120.00, and that she owed at the time of the trial approximately $450.00 that she had borrowed and used for necessary living expenses.

The testimony of the plaintiff in rule is not contradicted and under the facts proved by her she was entitled to judgment.

"We are of opinion, that the rights granted the widow or minor children of a deceased person, by virtue of the Homestead Act of 17th of March, 1852 (now forming part of Article 3252 of the Civil Code) vest in them at the time of the death of said deceased, in the event they come within its provisions at that moment of time; their condition then in pecuniary matters, and not at any subsequent time, is to be the test of their rights to any claim under the Homestead Act." (Boldface type ours.)

Gimble vs. Goode, 13 La. Ann. 352.

"The opponent insists, upon the authority of McCoy's case (26 La. Ann. 686) that the condition of the widow at the time the claim is made must determine her right. This is in direct conflict with the dictum of Gimble vs. Goode, (13 La. Ann. 352); also Succ. of Marx (27 La. Ann. 99), that the right of the widow and of the minor children of a decedent to the portion secured to them under the Act of 1852, vests in them at the moment of the death of the deceased, and not at any subsequent time, is the test of the rightfulness of their claim. We think this is the sounder doctrine \* \* \*."

In our opinion it therefore follows that the pecuniary condition of the plaintiff in opposition at the moment of her husband's death determines her right to demand and receive out of his succession the thousand dollars allowed by Article 3252 of the Civil Code, and as the evidence clearly shows her circumstances at that time were necessitous the judgment appealed from is erroneous and must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the plaintiff, Mrs. Sadie Hawk, have judgment recognizing her as the widow of Willie A. Hawk, deceased, in necessitous circumstances, and entitled to receive out of his succession one thousand dollars in accordance with Article 3252 of the Civil Code.