No. 3357

Second Circuit
(Second Division)

CARROLL v. CARROLL'S HEIRS

(May 7, 1931. Opinion and Decree.)

Allen S. Drew, L. K. and R. D. Watkins, of Minden, attorneys for plaintiff, appellee.

John B. Files, of Shreveport, McInnis & Campbell, of Minden, and Thomas W. Robertson, of Shreveport, attorneys for defendants, appellants.

TALIAFERRO, J. Plaintiff, the surviving widow and third wife of Andy Carroll, deceased, brought this suit against Missoura Bostic, Calidonia Smith, residents of Webster parish, La., and Madge Coplin, resident of the state of Arizona, and Alfred Johnson, resident of the state of Illinois, as the sole surviving heirs and legal representatives of said deceased, to recover judgment for $1,000, alleged to be due her from the succession of her deceased husband, as his widow in necessitous circumstances, as provided by article 3252 of the Civil Code, as amended by Act No. 242 of 1918.

It is alleged by plaintiff that Andy Carroll died in Webster parish, his residence, July 6, 1926, leaving a small estate, consisting of real and personal property situated in said parish, described in her petition; that defendants, on their own application, had been recognized as the sole heirs and legal representatives of the deceased by the district court of Webster parish and sent into possession unconditionally of the property of his succession, consisting of three lots, one house, and a small amount of personal property described in the judgment sending them into possession; and that Lloyd Taylor, stepson of deceased and sole heir of his mother, Emma Reams, second wife of Andy Carroll, deceased, had also been recognized by said court as the owner of said property and sent into possession thereof; that said heirs of Andy Carroll, defendants herein, instituted suit against said Lloyd Taylor in the district court of Webster parish, being No. 5642 on the docket thereof, to test out their respective rights to said real estate, and judgment was rendered therein recognizing Lloyd Taylor as the owner of an undivided half interest therein and the heirs of Andy Carroll as the owners in indivision of the other undivided half thereof.

Madge Coplin and Alfred Johnson, defendants, being non-residents, a writ of attachment was prayed for and issued

against them, under which their one-sixth interest each in said property was seized by the sheriff.

All of the defendants, through counsel, answered the plaintiff's demand, thereby submitting themselves to the jurisdiction of the court. They moved that the writ of attachment be dissolved, as there were no legal grounds or necessity therefor, and admitted their heirship to Andy Carroll and possession of a half interest in the property of his succession, as alleged. They deny that plaintiff is in necessitous circumstances, and deny that they owe her any amount or are responsible to her in any way or to any extent.

In the alternative, they further say:

"That shortly after the death of their father, Andy Carroll, that they made a full and complete settlement with the said Emma Carroll by giving her such household furniture as she desired and that she herself initiated said settlement and fully and completely released them as shown by her long silence and acquiescence, and that she is now estopped to set up any personal claim against the said heirs, defendants herein, and that the property having passed out of and beyond the estate of the said Andy Carroll she cannot now be heard to urge the claim she brings in her suit and that she has no personal action against defendants herein."

It is further alleged by defendants that plaintiff and Andy Carroll were married only a brief period before his death; that during this time plaintiff assisted in dissipating and squandering his property; that she brought nothing to the marriage and added nothing to it; that she has sons and daughters able to provide for her support; and that she gave away some insurance on the life of the deceased, which she could have collected, amounting to $175.

Under the issues thus tendered the case was tried, resulting in a judgment for plaintiff recognizing her claim of $1,000 as widow in necessitous circumstances and the lien and privilege granted by law securing payment thereof against a one-half interest in the real estate and personal property owned by the succession of Andy Carroll, deceased, which is described in the pleadings and in said judgment. There was further judgment against Missoura Bostic and Calidonia Smith, each, for $180 with 5 per cent per annum interest from April 27, 1927, and against Madge Coplin and Alfred Johnson, each, for $90, with like interest, with recognition of the writs of attachment sued out against them.

From this judgment defendants appealed. They have made no appearance in the case on appeal, nor have they filed any briefs.

On trial of the case in the lower court defendants completely failed to substantiate either of their defenses by proof.

The succession records and other documents filed in evidence by plaintiff fully establish all her allegations as to the marriage of Andy Carroll, his legal heirs, and the ownership of the property involved herein. The value of the property of the succession of Andy Carroll was fixed at $540; hence the amounts decreed to be due by the several heirs.

These litigants are colored people. Defendants are all majors. Plaintiff was forty-seven years old when she married Carroll and he was many years her senior. He only lived some seven months after their marriage. She brought nothing in the way of material substance into the marriage and carried nothing of value away after its dissolution. At the date of the trial her condition as to worldly goods and possessions was such as to conclusively

show her to be in necessitous circumstances, as defined by law, and entitled to the benefits accorded to widows by the Code when in such circumstances.

Defendants urge in answer that as the property of the succession had passed into his heirs' hands it could not be subjected to the widow's claim, even though such were found to have a legal existence.

This proposition has been presented to this court heretofore and decided adversely to this contention. The case of Normand v. Thompson et al., 2 La. App. 413, is almost identical in facts as the case under consideration. In that case the universal legatees of the deceased husband accepted his succession unconditionally and went into possession under decree of court. The widow instituted suit against them and succeeded in her demand. Each heir was held personally responsible for his virile share of her claim.

The syllabus of that decision reads:

"Under Articles 1422 and 1424 of the Civil Code the defendants having unconditionally accepted the succession of the deceased as his heirs and having themselves placed in possession of his property are responsible to his widow, each for his virile share of the $1000.00 accorded the widow in necessitous circumstances under Article 3252 of the Civil Code."

In the present case the heirs of Andy Carroll accepted his succession unconditionally and had themselves placed in possession by decree of proper court. Their attitude in this respect rendered them responsible personally for the debts and liabilities of the succession, among which was that due the widow in necessitous circumstances.

The judgment appealed from is affirmed.