## DANNA v. DANNA et al. *
### No. 1455.

Court of Appeal of Louisiana. First Circuit.
May 14, 1935.

*Rehearing denied June 14, 1935.

Rownd & Warner and Jos. M. Blache, Jr., all of Hammond, for appellants.

Reid & Reid, of Hammond, for appellee.

ELLIOTT, Judge.

Mrs. Salvatore Cardinella Danna alleges that Tony Danna, her husband, departed this life intestate on May 23, 1933, leaving her, his widow, in necessitous circumstances, and Vincent Danna, Mrs. Belle Danna Monistere, Mrs. Anna Danna Rusciano, Mrs. Rosa Danna Di Gregario, Mrs. Beatrice Danna Di Bernardo, and Mrs. Mary Danna Cilleffa as his sole and only heirs. She alleges that his succession was unconditionally accepted by his heirs under a judgment of the court of competent jurisdiction on July 21, 1933, and they were sent into possession of the same. That they in that way became indebted unto her, as widow in necessitous circumstances, in the sum of $1,000. She brought suit against the heirs to recover of them the sum of $1,000. She further alleges that after the heirs had been sent into possession of his succession they sold and delivered to Mrs. Ruth Corbin Carter a portion of the real estate which they had inherited from him. That under the law a privilege exists in her favor on all the property left by her husband, described in her petition, including that sold to Mrs. Carter.

Mrs. Carter, made a party defendant, appeared and admitted that she had purchased property from the heirs, partly on credit, the credit price represented by notes, and claimed the right to deposit the notes in the registry of the court. Mrs. Carter and each of the defendant heirs further excepted to plaintiff's petition, urging that it set forth no right or cause of action. They also filed an answer in which they denied that she was entitled to $1,000 and that a privilege exists in her favor as claimed in her petition.

The lower court rendered judgment in favor of Mrs. Carter authorizing her to deposit in court, subject to the rights of the other parties, the notes which she had executed as part of the purchase price of the property she had bought from the heirs. The court further held that the plaintiff had no privilege on the property Mrs. Carter had bought, but that a privilege existed in favor of the plaintiff on the notes which she had executed in favor of the heirs. There was further judgment in favor of the plaintiff against the defendant heirs jointly for $1,000 as prayed for, and a privilege was declared to exist in her favor, not only on the notes which they had obtained from Mrs. Carter, but also on all the other property movable and immovable described in her petition. The property subject to the privilege was ordered sold and the plaintiff paid out of the proceeds by preference over all other persons whomsoever.

The defendant heirs have appealed. Mrs. Carter did not appeal.

█ The lower court did not rule on the exception of no right or cause of action; consequently that exception is not before us for review.

██ The evidence shows that Mrs. Salvatore Cardinella Danna was the second wife of Tony Danna, and his widow, left by him in necessitous circumstances at his death as claimed in her petition. The defendant heirs offered to prove on the trial that at the time of the trial, which was about a year and a half after the death of Tony Danna, the plaintiff was living with another man as his wife and supported and maintained by him. The court, on the objection of the plaintiff, declined to hear the testimony. The defendant heirs complain of the ruling. The ruling of the court declining to hear this testimony was correct. The defendant heirs did not offer to show on the trial that the plaintiff had remarried and that her status as widow was different in that respect from what it was at the time of her husband's death, and it was not claimed that she was not left at the death of her husband in necessitous circumstances as a result of his death. Consequently under the law, proof of the kind mentioned was not admissible, even if the fact which the defendant heirs claimed that they could show was true.

McCoy v. McCoy, 26 La. Ann. 686, and Succession of Robertson, 28 La. Ann. 832, in which it was held that a widow must be in necessitous circumstances at the time her suit is filed in order to recover the $1,000 allowed under the Civil Code, art. 3252, were over-

ruled by Succession of White, 29 La. Ann. 702, and jurisprudence has since followed the decision in the White Case. It is only necessary that it appear that the widow has not remarried and that she was left in necessitous circumstances at the death of her husband; as a result of his death.

■ The defendant heirs contend that the Civil Code, art. 3252, under which plaintiff claims $1,000, has been repealed by Civil Code, art. 2382 (amended by Act No. 113 of 1926).

We find that article 3252 of the Civil Code has not been repealed, limited, nor modified by the provisions of the Civil Code, art. 2382, as amended by Act No. 113 of 1926.

■ Under the law, Civil Code, arts. 1421, 1422, 1423 et seq., the defendant heirs by their unconditional acceptance of the succession of their father became the debtors of the plaintiff widow to the extent of the amount due her under the law. Normand v. Thompson, 2 La. App. 413; Carroll v. Carroll's Heirs, 16 La. App. 278, 134 So. 290.

The defendant heirs contend that the property sold by them to Mrs. Carter belonged to the legal community of acquêts and gains which had existed between their father and mother, and that therefore half of the proceeds of the notes received by them from Mrs. Carter and half of the other property belongs to them as heirs of their mother and is therefore not liable to satisfy the claim of the plaintiff. The defendant heirs by their unconditional acceptance of the succession of their father, and taking possession of the same as such, rendered themselves liable to the plaintiff for the amount due her as above stated. And the fact that the property belonged to the community which existed between their father and mother is no reason why the property is not liable to satisfy the amount due plaintiff. Succession of Cason, 32 La. Ann. 790.

■ The defendant heirs complain that the lower court rendered outright judgment against them for $1,000, when at most the plaintiff is only entitled to the amount in usufruct. The plaintiff is entitled to the amount in usufruct only, but as the usufruct is of money, it is an imperfect or quasi usufruct, in which the ownership is transferred to the usufructuary and the usufructuary has the right to use it as she thinks best, reserving to the defendant heirs the right to claim any part of the sum not expended at her death. Civ. Code, arts. 534, 536, 549, 550.

■ ■ The defendant heirs contend that the plaintiff has no privilege on the notes which they received from Mrs. Carter, nor on any of the other property left by Tony Danna, citing article 3276 of the Civil Code and the Constitution of 1921, article 19, § 19. This article of the Civil Code and of the Constitution of 1921 merely provides that the privilege of the widow left in necessitous circumstances does not have to be recorded in order that the privilege may continue to exist. If that was all, there would have been no error on the part of the lower court in recognizing the privilege claimed by the plaintiff under the Civil Code, arts. 3252, 3253, 3254, 3269, 3276. But we find that the privilege which the plaintiff claims under articles just mentioned had ceased to exist at the time her suit was filed, because of nonobservance on plaintiff's part of the law on the subject of the separation of patrimony. The defendant heirs do not expressly allege that the privilege claimed by plaintiff had been extinguished by prescription. They do allege as follows: "They deny that she (referring to the plaintiff) has any right to assert any claim against any of the property herein described, after it has passed into the hands of a third person. And respondents especially deny that there is any provision in the law of the State of Louisiana which will permit the alleged holder of a secret equity against real-estate to follow such real-estate into the hands of a third person and set up such secret equity against the property."

The answer expressly denies, however, that any privilege exists on the property left by Tony Danna in favor of the plaintiff which denial is sufficient to put at issue the existence of the privilege which plaintiff claims.

Privileges are extinguished by prescription. Civil Code, art. 3277.

On the subject of the "Separation of Patrimony" the Civil Code contains provisions under which it must be held that the privilege in question had ceased to exist at the time the present suit was filed. As heretofore stated, the heirs unconditionally accepted their father's succession and were sent into possession of the same by judgment of the court on July 21, 1933.

Article 1446 of the Civil Code contains a provision to the effect that a suit for the separation of patrimony must be filed in order to preserve the preference to the creditors of the succession over that of the heirs. Article 1456 contains a provision to the effect that a suit for the separation of patrimony must be instituted within three months from the express or tacit acceptance of the heirs; after the expiration of this time it is not admitted.

The record shows that nine months or more elapsed after the heirs accepted the succession of their father and mother and were sent into possession of the same before the plaintiff instituted the present suit. The legal effect of this delay and lapse of time was the loss of the privilege which had existed for three months after the acceptance in favor of plaintiff. As the law will not admit the existence of any preference after three months, it follows that plaintiff has lost the privilege that existed and is now only an ordinary creditor of the heirs. Succession of Zeringue, 21 La. Ann. 715; Sevier v. Gordon, 29 La. Ann. 440.

The judgment of the lower court to the extent that it recognizes the existence of a privilege in favor of the plaintiff was erroneous. The judgment should also have stated that the plaintiff was entitled to the $1,000 as an imperfect usufruct, the money to be used as she sees proper.

For these reasons the judgment appealed from is amended so as to provide that the $1,000 is to be paid Mrs. Salvatore Cardinella Danna as an imperfect usufruct to be used by her as she thinks best, and the privilege recognized to exist in her favor on the notes received by the heirs from Mrs. Ruth Corbin Carter and on the other property described in the petition of the plaintiff is decreed not to exist.

As thus amended and corrected the judgment appealed from is affirmed. Mrs. Salvatore C. Danna, plaintiff, to pay the cost of this appeal. The balance of the cost to be paid as ordered by the lower court.