### Succession of KUNTZ.
### No. 16848.

Court of Appeal of Louisiana. Orleans.
March 21, 1938.

Gerald B. Brown, of New Orleans, for appellant.

Ernest J. Robin, of New Orleans, for appellee.

JANVIER, Judge.

When Henry R. Kuntz died on May 4, 1936, he left a separate estate having a net value of approximately $3,400, which included his half interest in the marital community which had existed between himself and his wife, plaintiff in this litigation. The entire community property was valued at $168.75. By will he left to his widow the present plaintiff, his one-half interest in the community and a particular legacy of $300. In the administration of his estate no provision was made for his widow other than as above set forth, and therefore she, claiming to be in necessitous circumstances and to be possessed in her own right of property valued at less than $1,000, brought this suit, in the succession proceedings, and sought judgment against her deceased husband's estate in the sum of $1,000 and prayed, also, for the recognition of the lien and privilege which, by article 3252 of the Civil Code, is granted to "the widow or minor children * * * left in necessitous circumstances" who do "not possess in their own rights property to the amount of one thousand dollars."

To this petition the executor of the estate filed an exception of no cause of action and later an answer in which he denied that the plaintiff was in necessitous circumstances within the contemplation of the article of the Code. He maintained that she was entitled to no recovery from the estate other than that to which she was entitled under the will of her deceased husband.

The exception of no cause of action was overruled and later, after a trial on the merits, there was judgment in favor of plaintiff recognizing her right to receive a total amount of $1,000. The matter is now before us on appeal from that judgment.

Counsel for defendant urges us to give consideration to the question presented by the exception of no cause of action. He maintains that, if the widow has any claim against the estate 'in addition to her rights under the will, it arises under article 2382 of the Civil Code and not under article 3252, the contention being that the widow's claim arising under the latter article—3252 —and which is limited to $1,000, comes into existence only where the estate is insolvent and that, where the estate is solvent, the widow's claim, if she has any, arises under the former article—2382—under which she is entitled to "the marital portion." Counsel maintains that the widow has no right to choose which recovery she shall pursue and that, where the estate is solvent, she is limited to the marital portion, and where it is insolvent she is limited to the claim for $1,000.

But the Supreme Court has recently decided that issue adversely to defendant's contention, having held that the widow may claim under either article and that her right to proceed under the one rather than under the other in no way depends upon the solvency or insolvency of the estate. In the decision to which we refer—Succession of Tacon, 188 La. 510, 177 So. 590, 591— the court said:

"We find no merit in the contention of the administrator. The law gives the opponent, as widow in necessitous circumstances, the right to claim the marital fourth, Civ.Code, art. 2382, or the right to claim the $1,000 widow's homestead, Civ. Code, art. 3252. She may assert either, but not both, of those rights. We see no reason why she may not assert that one of the rights which will be more advantageous to her and afford her more protection. In our opinion, the assertion of either right is not dependent upon the solvency or the insolvency of the succession."

Even were we so disposed, we could not on that question of law reach a result different from that required by the decision in the Tacon Case. The exception was properly overruled.

The defense presented by the denial that the widow is in necessitous circumstances raises a most interesting question. The facts are as follows:

The wife had, for some 16 or 17 years, been employed by the Southern Bell Telephone Company, receiving "between $70.00 and $80.00 per month, about $18.33 a week." She had been steadily employed and, obviously, was regarded as a valued employee and could have retained her position indefinitely. About one month prior to her

husband's death she voluntarily gave up her employment, so that, at the time of his death, she was not employed and had no income. Two weeks after his death she applied for and obtained employment with her former employer and went back to work and, at the time of the trial below, was receiving $105 per month.

While defendant seems to intimate that plaintiff has other property or income, the record amply justifies the conclusion that she has no such income or property and is dependent solely upon her salary, and that, at the moment of the death of her husband, she was in dire need and was forced by necessity to borrow a small sum to meet household expenses.

It is the contention of defendant that a widow is not in necessitous circumstances, within the contemplation of the article, if she is physically able to work and if she can earn as much as she has always been accustomed to earn.

Counsel for plaintiff, on the other hand, maintains that the question of whether a widow is in necessitous circumstances is to be determined as of the exact moment of the death of the husband and not as of a time later, when she may obtain employment, and, furthermore, that the fact that she may be able to obtain employment should not be considered in determining whether, in the contemplation of the article, she is in necessitous circumstances; that her accumulated property is the criterion and not her ability to earn an income.

■ It seems to have been definitely settled that, in the application of the article, we must concern ourselves with the status of the widow at the moment of the death of the husband. In a syllabus written by the court in Succession of White, 29 La.Ann. 702, the Supreme Court said:

"It is the financial condition of the widow at the moment of her husband's death, and not her condition at the time she applies for the widow's portion of one thousand dollars, which determines whether she is entitled to that portion."

In Re Coreil's Estate, 145 La. 788, 83 So. 13, in a syllabus written by the court, appears the following:

"Whether a widow, claiming $1,000 under Civ.Code, art. 3252, is left in 'necessitous circumstances,' within the meaning of that article, is to be determined by the condition existing at the moment of the death of her husband."

See, also, Gimble v. Goode, 13 La.Ann. 352; Rodrique v. Barthelmy, 10 Orleans App. 253; Succession of De Boisblanc, 32 La.Ann. 17; Succession of Wellmeyer, 34 La.Ann. 819; Succession of Lesassier, 34 La.Ann. 1066, 1068; Succession of Hawk, 9 La.App. 211, 120 So. 93; Danna v. Danna, La.App., 161 So. 348.

■ Applying this principle, then, to the facts here, we find that at the exact moment of the husband's death the wife had nothing in her own right except her half of the community ($84.37) and had at that moment no employment.

But defendant maintains that she had the ability to work; that she was without employment solely because she had chosen to temporarily cease work; and that a widow is not in necessitous circumstances who has the physical ability to earn an income on the social basis to which she has been accustomed and who does not do so merely because of her desire, for personal reasons, to remain idle for a short time. Defendant maintains that the codal article is not applicable unless two conditions exist: Necessitous circumstances and the absence of property to the amount of $1,000; and that the possession of property of $1,000 is not the sole criterion; that there must be, in addition, necessitous circumstances; and that the term "necessitous circumstances" is not properly applied to one who has the physical ability to earn a substantial income.

While this exact question has never been presented to the Supreme Court, we find that our brothers of the Second Circuit, having considered it, said:

"It is the widow's financial circumstances at the time of her husband's death, and not her physical condition or ability to earn money, that determined her right to the $1,000 out of the succession of her deceased husband as widow in necessitous circumstances." (Syllabus by the Court.) Succession of Hawk, 9 La.App. 211, 120 So. 93.

We are in accord with the views above expressed. It would place a premium upon shiftlessness to hold that a widow, who is industrious and who does all that she can to support herself, is, by reason of her industry, prevented from making the recovery from the succession of her husband.

But counsel for defendant argues that the recovery under the article should be permitted to widows who cannot work and should be denied only to those who have the physi-

cal ability to earn a livelihood and refuse to do so.

To make this distinction would place upon the courts the duty of determining in each case whether the failure of the widow to work resulted from inability or from unwillingness, and to place upon the courts this obligation might, in many instances, result in the taking away from a deserving widow the right to recovery because of a showing of physical ability to work. The article in no way indicates that such facts should be taken into consideration. Plaintiff here, at the time of the death of her husband, was, within the contemplation of the codal article, in necessitous circumstances. She had nothing except her ability to earn a living, and that ability, we think, should not deprive her of the right to recover.

The judgment appealed from is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.