After all exceptions were disposed of by the District Judge, there remained a suit by the widow against the sole heir of the deceased husband for $1,000 dowry provided by Article 3252, R. C. C., and an alternative demand for a homestead as provided by the Constitution of Article 11, Section 1, as amended. Ruling of the lower court on the exceptions is not complained of here.
On December 10, 1941, the deceased, O.S. Golden, married Mrs. Zona Lee Stroud in Grant Parish. They immediately established their matrimonial domicile in Natchitoches Parish, near Goldonna. Both had been married before. He had one child, the defendant in this suit, and she had two sons.
O.S. Golden died March 22, 1944. On April 10, 1944, defendant was sent into possession of all of the property of the deceased by judgment of court. On July 26, 1944, the present suit was filed. After various exceptions and a plea of prescription had been overruled, defendant answered denying generally the allegations of plaintiff's petition. Later, on March 28, 1945, defendant filed a supplemental answer, reiterating the allegations of the original answer, and setting up as additional defenses:
(1) That plaintiff has been living in the house on the 20 acres of land since the death of O.S. Golden and that the rental value is $20.00 a month, and if plaintiff is awarded any judgment, it should be credited with the amount of rent.
(2) That plaintiff owned certain property in her own right at the time O.S. Golden died, and in addition, Golden owned certain movable property which plaintiff took charge of and has in her possession, all of which has value in excess of $1,000. *Page 130 
(3) That in addition to the property, plaintiff has a son in the army from whom she draws an allotment. However, this last defense was abandoned during the trial of the case.
There was judgment in favor of the plaintiff in the District Court for $1,000 less the sum of $472.25, and a condition that the electric ice-box, valued at $250, be delivered to defendant, and in default of this that the defendant have an additional credit of $250. Plaintiff has appealed from this judgment and defendant has answered the appeal asking that the decree be amended so as to allow a further credit of $15 per month for rent of the house from March 22, 1944, to the date of the judgment to be rendered herein, and that as thus amended, it be affirmed.
In arriving at the amount to be credited to the defendant against the $1,000, the following items were charged to plaintiff:
1 rug $ 3.00 1 bedroom suite 20.00 2 bed springs 3.00 3 mattresses 6.00 3 bedsteads 24.00 cook stove 5.00 1 heater 3.00 1 tub 1.00 1 radio 10.00 1 Singer sewing machine 50.00 1 table 4.00 1 cart 10.00 1 ice-box 10.00 1 cow 50.00 1 calf 10.00 1 electric iron 6.50 1 fan 20.00 1 plow 7.50 1 saw 3.00 1 hoe 1.00 1 rake 1.00 14 hogs 140.00 25 chickens 16.25 6 quilts 30.00 4 pillows 2.00 cooking utensils 10.00 2 blankets 2.00 1 coat 10.00 dresses 10.00 clothes, shoes, etc. 4.00 ------- $472.25
We are of the opinion that $15 instead of $50 should have been charged against her for the sewing machine, and that no charge should have been made for the icebox which was not proven to be worth anything. This would leave $427.25 to be credited against the judgment for $1,000. On the trial of the case, plaintiff denied that she owned the hogs. She also denied that she owned the cow, contending that they belonged to one of her sons. However, the District Judge, who saw and heard the witnesses testify, reached the conclusion that they belonged to the plaintiff and charged her with them and we will not disturb the judgment in that respect.
After defendant, in her supplemental answer, undertook to charge plaintiff with rent on the house, plaintiff offered evidence that she had furnished the sum of $478.65 to build the house. This evidence was objected to by the defendant as an attempt to establish that there was community property, but plaintiff's counsel says the evidence was not offered for that purpose, but in support of plaintiff's demand for a homestead as made alternatively in paragraph 14 of her petition. The evidence was admitted subject to the objection and in his reasons for judgment, the District Judge considered the evidence as shown by the following paragraph from his opinion:
"In my opinion, the claim of the widow for monies advanced to improve the property and the claim of the heir for "rent should each be denied. In doing this I am trying to do equity to the parties."
In this court, plaintiff complains of the charges for property against the widow and also that the judgment did not allow plaintiff a lien on the real estate left by de-ceased, and rejecting her homestead claim.
[1] We are of the opinion that she is not entitled to any homestead claim on the property in which she lives. She is entitled to a privilege on the property left by deceased. Beck v. Beck, et al., La. App. 181 So. 635. And as we have already said above, the amount charged to the plaintiff should be reduced by $45.
[2, 3] In brief filed in this court, defendant complains of the rejection of her *Page 131 
demand of $15 per month and also argues that the value of the 14 hogs should be increased from $140 to $204, and the value of the cow should be increased to $100, making a total of $304, which it is said in brief the District Court did not allow, but the District Judge did allow the sum of $140 for the hogs and $50 for the cow. Defendant also contends that plaintiff takes whatever is allowed her in usufruct only and that under the provisions of Article 558, R.C.C., must furnish bond. It will be noted, however, that in her answer to the appeal, defendant only asks that the judgment be amended so as to allow the claim for rent. And besides the plaintiff is taking this allowance of a dowry under the provisions of Article 3252 of the Code, which has no connection with the above article, 558. She takes this dowry as an imperfect usufruct, the money to be used as she sees proper, and if at the termination of the usufruct, there is anything left, the heir may claim it. Danna v. Danna, La. App., 161 So. 348.
[4] With reference to the demand for rent of the house, we are of the opinion that the judgment of the District Court is equitable and ought to be affirmed in that respect.
As the judgment must be amended and corrected, we have concluded to recast it so as to read as follows:
It is ordered, adjudged, and decreed, that there be judgment herein in favor of the plaintiff, Mrs. Zona Lee Golden, and against the defendant, Mrs. Vernice G. Crawley, in the full sum of $1,000, being the amount of the widow's dower, less the sum of $427.25, being the value of property found to be owned by the widow.
It is further ordered that the defendant, Mrs. Vernice G. Crawley, be and she is hereby recognized as the owner of the electric ice-box and in default of delivery of same to her that she have credit for the additional sum of $250.
It is further ordered that the privilege accorded plaintiff by Article 3252 of the Civil Code to secure payment of the amount awarded to her by this judgment be recognized as operating against twenty acres of land, property of the estate of deceased, in the NE 1/4 of the SE 1/4, Section 18, Township 12, N range 5 W, and Lot 14 of Block 1 of Talley Addition to the town of Goldonna, La., and same is ordered seized and sold according to law to pay and satisfy this judgment and all costs in both courts.