MERCIER,
ATTORNEY ETC
*vs.*
STERLIN,
DATIVE EX'R.
ETC.

MERCIER, ATTORNEY FOR THE ABSENT HEIRS,&c. *vs.* STERLIN
DATIVE EX'R., &c.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH AND CITY OF
NEW-ORLEANS.

The illegal possession by a third person of a succession, does not prevent the
Court of Probates from taking the necessary steps to have the estate duly
administered.

The plea of *res judicata* cannot be sustained, where one of the parties appeared
in a different capacity in the former suit.

The power of the attorney for the absent heirs to act, commences with the
date of his appointment.

The dative executor cannot confirm a sale which is not legally made, nor
dispose of the effects of the estate by private agreement.

On the 22d of March last, on motion of the attorney
appointed by the court to represent the absent heirs of Philip
Sterlin, deceased, the dative executor was ruled to show
cause why the real estate of the deceased, situated in the
parish of Jefferson, should not be resold by the Register of
Wills. Sterlin had made two wills; the execution of one of
them had been ordered by the Court of Probates. This will
was subsequently annulled, and the other confirmed by a
final judgment of this court. *Vide ante,* 100.

The executor, and Daniel T. Walden, the alleged, pur-
chaser of a lot of land belonging to the estate of the
deceased, showed cause against this rule, upon several grounds
which, with the other proceedings, are fully stated in the
opinion of the court.

The rule was made absolute, and the executor appealed.

The opinion of the court, MATHEWS, J. absent, was deliv-
ered by PORTER, J.

The testator made two wills. One of them was admitted
to probate, and its execution ordered. The executor, in pur-
suance of this order, proceeded to sell the effects of the estate,
but the purchasers did not comply with the conditions on
which the property was adjudicated to them; no re-sale, how-
ever, was ordered, and things stood in this situation, when a
judgment of this tribunal set aside the will which had been
admitted to probate, and ordered the execution of one which
had previously been made by the testator.

The executor named in the will last mentioned refused to
act, and a dative executor was appointed. His proceedings
in relation to the property which had been adjudicated to
certain persons and not paid for, has caused the litigation
which has brought the present cause before this court.

Among the purchasers at the sale made by order of the
Court of Probates, was one R. C. Hall. The sale took place
on the 27th March, 1832. Proceedings were carried on as
far as a writ of distringas, to make him carry his contract
into effect, but without any useful result being attained. The
sheriff returned that he could find no property on which the
writ could operate.

The executor of the first will which was admitted to pro-
bate, endeavored to cause a resale of the property. This was
opposed by the new dative executor in his then capacity of
heir, and the court decided that the property could not be
sold, as the executor had required.

Shortly after the dative executor received his appointment,
he ratified and confirmed all the sales which had been made
by the executor of the annulled will, and in this act, it is spe-
cially recited, that as the property which had been adjudged
to Robert C. Hall, was, in reality purchased, for account of
Daniel F. Walden, and that said Hall is since deceased,
without having performed or fulfilled any of the obligations
of said sale, or paid any part of the price; he therefore con-
sents that Walden shall be considered as the original and
bona fide proprietor, and regarded as the person to whom the
property was adjudged.

EASTERN·DIS.
*May*, 1833.

MERCIER,
ATTORNEY ETC
*vs.*
STERLIN,
DATIVE EX'R.
ETC.

The attorney for the absent heirs next took a rule on the dative executor, to show cause why the real estate left by the deceased, should not be sold again by the Register of Wills. To this rule, Walden was made a party.

Walden denied the jurisdiction of the Court of Probates and was dismissed. The executor has shown various causes why the rule should not be made absolute.

1. The dative executor cannot comply with the order demanded, because the property is in possession of a third person, not subject to the jurisdiction of the Probate Court.

2. The case was adjudged 25th August, 1832, and that judgment formed *res judicata.*

3. The attorney for the absent heirs cannot take such a step without proving there are such in existence.

4. The dative executor is the heir.

5. The property would not sell for near its value, as the buyer would acquire nothing but an expensive lawsuit with the party in possession, under the first sale.

On the first point, we are of opinion, that the circumstance of the property being in the hands of a third person, if it be illegally in his possession, does not prevent the Court of Probates from taking such steps as will enable the estate to be duly administered.

*The illegal possession by a third person of a succession, does not prevent the Court of Probates from taking the necessary steps to have the estate duly administered.*

On the second point, we think that the judgment referred to, does not form the plea of *res judicata,* for the decision there was not between the same parties. There, it was the former executor who contested the case with the present defendant, who did not appear in the same capacity he does now.

*The plea of* res judicata *cannot be sustained, where one of the parties appeared in a different capacity in the former suit.*

3. We think the attorney for the absent heirs could properly take such a rule. It is his duty to see that the estate is legally administered, and his right to act commences with the date of his appointment, and is not contingent and in abeyance, until it is discovered there are heirs in existence.

*The power of the attorney for the absent heirs to act, commences with the date of his apppintment.*

4. It does not appear to us the judge erred. Hall had died without complying with his contract, and could not have claimed the property. The act was never signed by him. Not being the owner of the property, it is not seen by us how he

*The dative executor cannot confirm a sale which is not legally made, nor dispose of the effects of the estate by private agreement.*

could transfer that property to a third person. The dative executor has no power to dispose of the effects of the estate by private agreement, or to confirm any sale which was not legally made.

5. The price which the property may sell for, cannot influence our judgment on the law. It is proved, however, that the land has greatly increased in value, and may be presumed the sacrifice will not be so great as seems to be apprehended.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Probate Court be affirmed with costs.

*Preston,* for appellant. *D. Seghers,* for appellee.