## No. 9489.

The State ex rel. H. E. Upton vs. H. L. Lazarus, Judge, etc.

A *mandamus* lies to compel the granting of a suspensive appeal from a judgment directing the sale of succession property exceeding two thousand dollars in value.

The capacity of one representing himself as attorney for absent heirs, and whom the *mortuaria* shows to have been appointed and to have acted as such, and who was expressly recognized by the judgment from which he seeks to appeal, cannot be successfully contested by the district judge, on the application for the mandamus.

APPLICATION for Mandamus and Prohibition.

*H. E. Upton, propria persona.*

Respondent Judge, *propria persona.*

The opinion of the Court was delivered by

Bermudez, C. J. This is an application for a *mandamus* to compel the granting of a suspensive appeal.

The relator claims to be the attorney, appointed by the court, to represent the absent heirs of one Fischer.

He avers that an application having been made for the sale of all the succession property, he opposed it, as unnecessary; but that, his opposition having been discharged and the sale ordered, he applied for a suspensive appeal, tendering a proper bond; that the same was refused him.

He therefore invokes the intervention of this Court to secure such appeal.

The district judge returns, denying that the relator is the attorney for the absent heirs of Fischer, and justifying the correctness of the judgment discharging the oppositions and decreeing the sale.

The record of the *mortuaria* shows that the relator was appointed attorney for absent heirs on the 17th of April, 1884, and that the opposition to the sale prayed for by the Public Administrator was filed by

him, in that capacity. The entry on the minutes and the judgment show that he officiated as such attorney at the trial of the opposition, and that, in as many words, the court ordered that the opposition filed by him, *naming him*, be discharged.

But the district judge says, that on the 22d of March, 1878, another attorney had been appointed to the absent heirs, and that on the 17th of April, 1884, when the relator was appointed, the first order of appointment had not been cancelled.

The relator was appointed on the petition of the widow of the deceased, averring a state of facts and concluding with a prayer for the appointment of an attorney for absent heirs.

It may well be that the district judge thought that, under the circumstances stated, another attorney should be appointed in place of the former one, and that he acted accordingly.

The last appointment impliedly revoked the previous one, as there could be appointed only one attorny to the absent heirs of the deceased.

The district judge is presumed to have then done his duty.

He subsequently, at the trial of the opposition to the sale, recognized and treated the relator as attorney for absent heirs. It is difficult to perceive how he can presently dispute that capacity.

It is immaterial, under the actual phase of the controversey, to determine whether the district judge decided or not correctly. That question will come up on the appeal to dissolve.

The only question to be solved is, whether the order of sale which he made and which has the form and substance of a final judgment, contradictorily rendered and signed, is or not appealable.

This judgment belongs to the class of those, the execution of which can cause irreparable injury. It orders the sale of property exceeding in value two thousand dollars, and is supensively appealable. State ex rel. Fassman, 22 Ann. 200; Const., art. 81; 36 Ann. 887.

It is therefore ordered that the alternative *mandamus* herein issued be made peremptory and the restraining order perpetuated.