ST. PAUL, J.
 

 The applicant here is the widow of the de eujus, and she claims the so-called “widow’s homestead,” being the $1,000 allowed to a widow left in necessitous circumstances out of the estate of her deceased husband, by the terms of article 3252 of the Revised Civil Code of 1870, as amended by Act 17 of 1917, p. 25 (Ex. Sess.) and Act 242 of 1918, p: 433.
 

 Her claim was allowed by the district court, but was rejected by the Court of Appeal, and this court granted her application for review of the judgment of the Court of Appeal
 
 “as a matter of right,”
 
 under the provisions of section 11 of article 7 of the Constitution of 1921, p. 41, in view of her allegation and contention that the decision of the Court of Appeal is “in direct conflict with the jurisprudence of this state as established by this honorable court in Coreil’s Estate, 145 La. 788, 83 So. 13, and Normand v. Thompson, 1 La. App. 1221. See Advance. Sheets, No. 4, 2 La. App. 413.”
 

 In Re Coreil’s Estate, supra, this court held that:
 

 “The fact that a widow, claiming $1,000 under Civ. Code, art. 3252, had left the matrimonial domicile in this state three years before the death "of her husband, and had lived apart from him during that time in another state, does not, of itself, deprive her of the right accorded by that article.” Syllabus No. 3.
 

 And the facts of that case, as summed up by the court, were as follows: '
 

 “ * * * All tha.t this record discloses is that the opponent [widow] left the matrimonial domicile on account of her health and by' the advice of her physician, and that for about three years, prior to tier husband’s death, she had remained away, but, * * * depending upon him for support; * * * and, for aught that the evidence shows, was entirely blameless -with respect to their living apart from each other.”
 

 In Normand v. Thompson, supra, the Court of Appeal, Second Circuit, found the facts to be as follows:
 

 “The evidence shows that the separation was not the result of any misconduct on the part of the wife, but rather it was the husband's conduct that caused her to leave his home and that at the time of his death in New Orleans he was on a mission to his wife to make amends for having driven her from their home and to seek to induce her to return thereto.”
 

 II.
 

 In the case under consideration the Court of Appeal, First Circuit,'found as the facts
 
 *217
 
 in the ease (and their finding accords with the evidence) that:
 

 “ * *
 
 *
 
 There is little doubt that she (the wife) abandoned her husband voluntarily, deliberately and without justification, remained away from him during the four last years of his life, absolutely ignoring and forgetting him, until the occasion presented itself when she could make claim to part of his estate; * * * that plaintiff (the wife) left her husband because of trivial differences and petty quarrels that arise frequently between husband and wife [even] in the best regulated households; * * * [and] that' no grounds are shown in
 
 the
 
 record
 
 to
 
 justify plaintiff in her conduct.”
 

 III.
 

 Upon this finding of facts the Court of Appeal then proceeded thus:
 

 “The vexata quaestio in the case is whether a court of justice, moved by sympathy and in a spirit of benevolence, should place the stamp of approval upon the conduct of this unfortunate woman [aged, penniless, with failing memory and- eyesight impaired, ‘truly an object of pity’], by acceding to her request, or coldly track the law as interpreted in the jurisprudence and refuse the same. It is [however] truly said that the province of a court of justice is ‘jus dicere, non jus dare.’
 

 “It was held in Succession of Justus, 44 La. Ann. 721, 725, 11 So. 95, involving a claim for the marital fourth under article 2382, R. C. C., and in Richard v. Lazard, 108 La. 542, 544, 32 So. 559, wherein there was a demand for the $1,000 “homestead” allowed by article 3252, R. C. C., that these laws are in pari materia and controlled by the same rules of interpretation.
 

 “In the latter case, a wife who had abandoned her husband for several years and had been guilty of gross misconduct towards him, was refused the benefit of the widow’s [$1,000] homestead. In Succession of Rogge, 50 La. Ann. 1220, 1228, 1229, 23 So. 933, the surviving husband had left the wife without cause or reason and had been parted from her for eight years when she died-. His demand for the marital fourth was refused in an elaborate opinion by Mr. Justice Blanchard.
 

 “The facts as they appear in the present record are very similar to those in Succession of Rogge, and the reasons for judgment as therein stated apply with equal force in the present case. The
 
 leaving
 
 was not caused by the husband’s death, as contemplated in the statute [R. C. C. art. 3252, and R. C. C. art. 2382], but it was the result of plaintiff’s own deliberate and unjustifiable act.”
 

 IV.
 

 From the foregoing our conclusion is that the judgment of the Court of Appeal herein is
 
 not
 
 in conflict with Coreil’s Estate, or with Normand v. Thompson, both supra, but
 
 is
 
 in accord with
 
 the
 
 jurisprudence as established in Succession of Rogge and Richard v. Lazard, both supra, and that said judgment is correct.
 

 Decree.
 

 The judgment of the Court of Appeal is therefore affirmed.
 

 LAND and THOMPSON, JJ., dissent.