BRUNOT, J.
 

 Relator is the husband of Mrs. Jennie B. Ott Carter, who was a nurse in the World War, and who, while serving the federal government, in the capacity of nurse, suffered such mental disability as to require psychopathic treatment. She was placed in the psychopathic ward of St. Elizabeth’s Hospital, an institution maintained and operated by the Veterans’ Bureau, at Washington, D. C. A claim for compensation was made for her, and the Veterans’ Bureau, which is a federal government agency, created by, and functioning under, the act of Congress known as the War Risk Insurance Act (U. S. Comp. St. § 514a et seq.), and charged with the duty of passing upon such claims, awarded the claimant accumulated compensation amounting to $1,600, and continuing compensation at the rate of $80 per month. It is shown that the claimant is presently mentally unsound, and, as long as the mental impairment exists, the federal government is not authorized to pay to the claimant, directly, the compensation which has been awarded to her, but, under the provisions of the Act of Congress of June 7, 1924 (chapter 320, 43 Stat. L. 613 [38 USCA § 450]), such payment can only be made to the claimant’s duly appointed and qualified guardian or curator. In order to enable mentally unsound persons who have been awarded claims for compensation to be paid by the federal government with as little delay and expense as possible, the several states of the Union have passed special laws to meet this emergency. In this state the Legislature passed Act 195 of 1920 for that purpose. We quote the title and text of the act in full:
 

 “An act to authorize the appointment of tutors and curators to all persons entitled to the benefits of the act of Congress, of the United States, known as the War Risk Insurance Act; to provide for the manner in which such tutors and curators shall be appointed; and to prescribe their powers and duties.
 

 “Section 1. Be it enacted by the General Assembly of the state of Louisiana that in any case where it is found necessary that a curator or a tutor be appointed to any person or persons entitled to the benefits of the act of Congress known as the War Risk Insurance Act, before such person or persons can receive the benefits of said act, and where a curator or a tutor has not already been appointed to such person or persons under the existing laws of this state, a curator or tutor may be appointed in the following manner:
 

 “Section 2. Be it further enacted, etc., that a petition shall be filed by any person claiming the right to be appointed curator or tutor, or if there be no one who may claim such right, it may be filed by any responsible person resident of the parish in which the beneficiary of said act has his or her domicile.
 

 “The petition should set forth all the facts justifying the appointment and due proof shall be made that such appointment is necessary. A notice by the Bureau of War Risk Insurance to the effect that an appointment of a guardian is necessary, shall constitute sufficient proof to justify the appointment of the curator.
 

 “Where the appointment of a curator is sought, a certified copy of the examination of the party made by 'the experts appointed by the Bureau of War Risk Insurance shall be filed
 
 *1015
 
 with the petition. The name of the institution, if any, in which the person to whom the curator is to be appointed, is being treated, must be stated in the petition.
 

 “Section 3. Be it further enacted,' etc., that the entire cost of court, including stenographers’ fees, to be charged in these proceedings shall be limited to the sum of five dollars in uncontested cases, except where the official stenographer is not paid on a salary basis, his fee shall not be more than $2.50 for the taking and the transcribing of all the testimony in the case. The fee of the attorney at law who may be employed to conduct the proceedings is hereby fixed at a sum not exceeding $25.00 to be paid out of the estate of the ward.
 

 “Section 4. Be it further enacted, etc., that it shall not be necessary to cite the person for whom the curator is sought, but there shall be no pronouncement of interdiction in the case, and the said person shall at all times have the right to have the appointment revoked and an accounting made to him or her by the curator upon producing due proof that he has been pronounced cured.
 

 “The curator or tutor so appointed shall annually make a report to the court having jurisdiction of his administration together with proof that he has filed with the Bureau of War Risk Insurance a duplicate of said report.
 

 “Section 5. Be it further enacted, etc., that in the appointment of such curator or tutor the relatives in the following order shall be given preference: The wife or husband, the father, mother, grandfather, grandmother, sister, brother and other relatives in the order of their relationship in the case of a curatorship, and the father, mother, grandfather, grandmother, brothers, sisters and other relatives in the order of their relationship in the case of a tutor. The parental relatives shall be given preference in the order as set out above. Where relatives are lacking, the court.must satisfy itself that the party applying is a fit and proper person. The wife or husband, father, mother, grandfather, grandmother, shall not be obliged to furnish bond, but the mortgage as required under existing laws, relative to curatorship and tutorship, shall be recorded unless the curator or tutor desires to give bond, as provided for in existing laws.
 

 “Any person seeking appointment shall cause a true and correct inventory and appraisement of the claim to be made. The fee of the notary taking the inventory, is hereby fixed at a sum not to exceed $5.00 and the fee of the appraisers at a sum not to exceed $4.00 for the two appraisers.
 

 “Section 6. Be it further enacted, etc., that the sole power of the curator or tutor so appointed under the foregoing provisions shall be to receive any money or monies due the beneficiary under the said act of Congress, and to the distribution of same, for the benefit of the said beneficiary. The said curator or tutor shall also have the right to receive for the account of the said beneficiary any money or monies due said beneficiary from the United States government in the way of arrears of pay, bonus or other sums due by reason of his or her service (or the service of the person through whom the beneficiary claims), in the military branch of the United States government.
 

 “Section 7. Be it further enacted, etc., that the said curator or tutor shall have no power or right to administer other property belonging to the interdict or minor, and the appointment of a tutor or curator under existing laws relative to curatorship and tutorship shall ipso facto- vacate his appointment under this act.
 

 “This act shall be held to apply solely to the cases of soldiers, sailors, marines, nurses, and their dependents and beneficiaries under the War Risk Insurance Act, and shall in no manner be held to amend or repeal existing laws relative to curatorships and tutorships except as and to the extent hereinabove provided.
 

 “The appointment as above provided for may be made during vacation.”
 

 Relator applied to the civil district court for the parish of Orleans for appointment as curator for the claimant, his wife. His application complies, in every respect, with the provisions of the quoted act. It is not suggested that the pleading is faulty or imperfect or that the facts are not fully and accurately set forth, but the learned judge of the district court held that Act 195 of 1920 was unconstitutional, for the reason that it provides for a proceeding which partakes of the nature of an interdiction, and, inasmuch as it dispenses the applicant from the necessity of citing the person for whom it is sought to have a curator appointed, it deprives that person of a constitutional right which is guaranteed by both the federal and state Constitutions.
 

 The several provisions of the quoted act and the articles of our Civil Code and Code of Practice are so strongly persuasive, if not
 
 *1017
 
 conclusive, of the fallacy of our learned brother’s conclusion, that we find it impossible to agree with him.
 

 Section 4 of the act expressly forbids the court to decree the interdiction of the person for whom a curator is sought. Section 6 provides that the power of the curator shall be limited to the receipt and disbursement of the compensation due the beneficiary. Section 7 of the act unfortunately designates the persons, in whose interest the act was passed, in terms which cannot be reconciled with any other portion of the act, but the manifest intention of this section was merely to emphasize the restricted .powers of the curator, and to provide that, in the event the -existing laws relative to curatorship and tutorship should be invoked, and a tutor or curator should be appointed thereunder, such appointment would ipso facto vacate the appointment made under this act. To insure the curator’s faithful performance of his duty, and the disbursement of the beneficiary’s funds for the benefit of the beneficiary, the curator is required by the act to give bond or to record the mortgage provided for .by existing laws relative to curatorship and tutorship, to make an annual report to the court of his administration, and to forward a copy thereof to the Bureau of "War Risk Insurance.
 

 A presumption in favor of the constitutionality of a statute is raised by the mere fact of its passage, and, when it is reasonably possible, a statute must be construed so as to uphold its validity.
 

 In the case of Duffy v. New Orleans, 49 La. Ann. 114, 21 So. 179, at page 116 of the opinion (21 So. 180), the court said:
 

 “Conceding that the constitutionality of the act is not as clear as it might have been made to appear, the authorities unanimously hold that every possible presumption and intendment will be made in favor of the constitutionality of an act, and that the courts will only interfere in cases of clear and unquestioned violations of the fundamental law. It has been repeatedly said that the presumption is that every stat'e statute, the object and provision" of which are among the acknowledged powers of legislation, is valid and constitutional, and such presumption is not to be overcome unless the contrary is clearly demonstrated.”
 

 In the case of State v. Capdeville, 104 La. 561, 29 So. 215, quoting from the syllabus, it is said:
 

 “The constitutionality of a statute is to be presumed, and, if a reasonable doubt arise, it must be solved in favor of the legislative action and the act sustained.”
 

 In the case of State v. Rose, 125 La. 462, 51 So. 496, the court, at page 467 of the opinion (51 So. 497), said:
 

 “The law is presumed to be constitutional, and the burden is on the defendant to show clearly and beyond reasonable dispute that its provisions are repugnant to the organic laws of the United States or of the state of Louisiana.”
 

 Under the provisions of C. C. art. 1210 et seq., ex parte appointments of agents are made, and such agents • are invested with power to sue in the names of the persons they represent. The agent’s right to act commences from the date of his appointment. Mercier v. Sterlin, 5 La. 472. His capacity cannot be collaterally attacked. State ex rel. Upton v. Lazarus, 37 La. Ann. 830. Ex parte appointments of attorneys to represent absent debtors are of daily occurrence, as is also the ex parte appointment of tutors and curators to represent minors and to administer their affairs. These acts are done pursuant to the codal provisions, and their constitutionality is beyond question.
 

 If the proceeding authorized by Act 195 of 1920 contemplated the deprivation of the mentally unsound beneficiaries of the war risk insurance of any part of their compensation, there would be reasonable ground for scrutinizing the act with microscopic care, for, in that event, the due process clause of the Constitution might be violated, but the intent of the Legislature is so clearly expressed in the act that it admits of no doubt.
 
 *1019
 
 Its only intent is to provide the means by which such beneficiaries may enjoy the bounty of an appreciative and grateful government for the sacrifices they made in its behalf. It is special and necessary legislation, and it is effective only so long as the affliction which incapacitates those in whose interest it was passed may endure. Such a statute cannot, in our opinion, be held to violate the due process clause of the federal or state Constitutions; and, as this is the only ground on which the judgment of the lower court rests, it is therefore decreed that the writ of mandamus be made peremptory, and that Hon. Mark M. Boatner, judge of Division B of the civil district court of the parish of Orleans, be, and he is hereby, directed and required to grant letters of curatorship to relator in the matter of Jennie B. Ott Carter, No. 173107 of the docket of the civil district court of the parish of Orleans, as prayed in said proceedings.