## Succession of BALTIMORE.
### No. 1746.

Court of Appeal of Louisiana. First Circuit.

Nov. 6, 1937.

Walter Lemann, of Donaldsonville, for appellant.

George R. Blum and S. A. LeBlanc, Jr., both of Donaldsonville, for appellee.

DORE, Judge.

Junius Baltimore, or John Baltimore, Jr., passed away, on December 3, 1935, leaving a succession which inventoried $1,562.37.

Sidney A. Marchand was appointed administrator of the estate and filed his final account in which he showed cash on hand of $993.01 resulting from the sale of certain assets of the succession. He proposed to pay this amount, first, in the liquidation of certain claims against the estate amounting to $619.26, and, second, the balance of $373.75 to the father and mother of the deceased as his sole heirs.

Virginia Parker Baltimore, claiming to be the widow of the deceased in necessitous circumstances, filed an opposition to the account, and asked that she be paid the $1,000 allowed by article 3252 of the Civil Code by preference over all other claims. The administrator opposed this claim on the ground, first, that her petition sets forth no cause or right of action; second, that at the time opponent claims to have married the deceased, he was mentally incompetent and notoriously insane, incapable of entering into the contract of marriage to the knowledge of opponent; that a curator had been appointed for the deceased in 1924 for the purpose of receiving benefits under the World War Veterans' Act 1924 (38 U.S. C.A. § 421 et seq.). The exception was referred to the merits, and, after trial, the opposition of the widow was sustained, ordering her claim paid by preference and priority over all other claims other than the costs of selling the property. The administrator has appealed.

It appears that after the final account was filed the remainder of the assets of the succession were sold for $395.66, making the total available funds on hand the sum of $1,388.67. Therefore, if the claim of the widow is not considered a debt of the succession, the succession is entirely solvent; if, on the other hand, this claim is considered a debt of the succession, it is insolvent.

The administrator claims that the succession is solvent, and, as article 3252 of the Civil Code only applies to insolvent successions, the widow has no preferred claim under this article.

There is a certified copy of a marriage certificate in evidence showing that opponent and the deceased soldier were married on June 24, 1935, in the parish of Ascension. The evidence shows that they lived together as man and wife until Baltimore's death in December following this marriage. These parties had been living together for some time prior to their marriage, but that fact does not affect the right of the widow to claim the homestead allowance of $1,000. Succession of Marc, 29 La. Ann. 412; Veillon v. Lafleur's Estate, 162 La. 214, 110 So. 326.

For several years prior to his death, the deceased was under curatorship for the purpose of receiving compensation due him under the War Risk Insurance Act (38 Stat. 711, as amended), in accordance with Act No. 195 of 1920. The deceased was never interdicted under the codal provisions on that subject. The only purpose of Act No. 195 of 1920 was to afford a simple and expedient means of collecting and administering the benefits accruing to a disabled veteran of the World War under the War Risk Insurance Act. The act does not supersede the regular interdiction proceedings provided for incompetent persons in the Civil Code. In re Carter, 165 La. 1012, 116 So. 491. It follows that the curatorship in itself did not render the deceased incapable of contracting the marriage.

Moreover, article 403 of the Civil Code prohibits a contest of the validity of the acts of a person on account of insanity after the death of the person, unless his interdiction was pronounced or petitioned for prior to his death, with only two exceptions given in the article. This rule applies to an attack on the validity of a marriage for the same cause. Ducasse's Heirs v. Ducasse, 120 La. 731, 45 So. 565.

The administrator has failed to prove the illegality of the marriage, and it follows that opponent is the lawful widow of the deceased soldier, and as such entitled to all the rights of such.

The evidence shows that the only property owned by the widow is a bed and bedding and a small amount of personal effects which she values at $10. The value of the bed and bedclothes cannot be very

much, at least not enough to take the widow out of necessitous circumstances. In order for her to claim the homestead of the widow under article 3252 of the Civil Code, it was only necessary for her to prove two things: First, that she is the lawful widow of the deceased; and, second, that she is in necessitous circumstances, and does not possess property in her own right of the value of $1,000. Veillon v. Lafleur's Estate, supra. She has satisfactorily proved both of these conditions.

 The administrator strenuously presses in this court his contention that, as the succession is not insolvent, the widow's homestead is not applicable, and relies on an expression in the Succession of Justus, 44 La.Ann. 721, at page 725, 11 So. 95, 96, to support his contention. In that case the court had under consideration the question of whether the claim of the surviving husband for the marital fourth out of the succession of his deceased wife, survived in favor of the husband's heirs where he did not himself make a claim before his death. In the course of the opinion the court used the following language:

"It [the marital fourth] may be assimilated to the charity or bounty extended or conferred on the necessitous widow or minor heirs by the act of 1852 (now article 3252, R.C.C.), with this difference, that the marital fourth is taken from the solvent succession or the heirs; while the $1000 are allowed in insolvent successions in preference to creditors. Both are laws in derogation of common rights."

But the above expression must be viewed purely as obiter dicta. The question there involved did not concern the conditions under which the necessitous widow could claim the $1000 under article 3252 of the Code. According to the case of Veillon v. Lafleur's Estate, supra, and Succession of Thompson, 4 Orleans App. 21, the claim of the widow for the homestead allowance under article 3252 of the Civil Code does not depend on the solvency or the insolvency of the succession. Succession of Thompson, supra, is so squarely in point and answers so well the contention of the administrator on this point, that it is unnecessary to repeat here what was said in that case by the Orleans Court of Appeal.

The claim of the widow primes all other claims shown on the account except that for the cost of selling the property. Succession of Campbell, 115 La. 1035, 40 So. 449. As the administration proceedings were necessary in selling the property, it follows that all cost of the administration should be paid before the widow's claim.

The amount of property owned by the widow, however small, should be deducted from her claim. The record shows the value of the widow's property to be $10. The judgment will have to be amended.

For these reasons, it is ordered that the judgment appealed from be and the same is hereby amended by reducing the claim of the widow from $1,000 to the sum of $990, in preference and priority over all debts or claims of the estate, save and except the cost of selling the property of the estate, and as thus amended the judgment is affirmed; all cost to be borne by the succession.