55 So.2d 88 (1951)
JONES et al.
v.
MASSACHUSETTS BONDING & INSURANCE CO.
No. 3457.
Court of Appeal of Louisiana, First Circuit.
November 15, 1951.
Blanchard & Blanchard, Donaldsonville, for appellant.
St. Clair Adams & Son, New Orleans, for appellee.
DORÉ, Judge.
This is an appeal by the plaintiffs from a judgment sustaining an exception of no right of action, and dismissing plaintiff's suit.
The admitted facts are that Ike Jones, alias Louis Jones, an employee of Evan-Hall Sugar Co-operative, Inc., while in the course and scope of his employment, was accidentally killed through the alleged negligence of an employee of Thibault Farms, a farming partnership composed of Duboury Thibault and Bronier Thibault.
At the time of his death, the decedent left surviving him the plaintiffs who are all major children and his sole heirs and an undivorced wife who had been living separate and apart from her husband and living with another man, decedent not contributing to her support and upkeep.
The plaintiffs filed this suit against the Massachusetts Bonding and Insurance Company, the public liability insurer of Thibault Farms to recover damages for the loss of companionship, love and affection. Two of plaintiffs allege a partial dependency on the decedent, and seek further damage for the loss of support.
It is evident that the suit is brought under Civil Code Article 2315. The pertinent parts of that article reads as follows:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children, or spouse of the deceased, or either of them, * * *; provided further, that the right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.

* * * * * *
"The survivors above mentioned may also recover the damages sustained by them by the death of the parent * * *."
The jurisprudence, under this article, is now well settled that there is but one tort committed and only one cause of action in the death of the decedent, and that the article declares that the right of action for *89 damages, in case of death of the injured person, shall accrue to the major children only in those cases where there is no surviving spouse or minor children. In the case at bar, there are no minor child or children, but there is a surviving spouse.
However it is the contention of the plaintiffs that the surviving spouse is one in name only and has forfeited her right to claim the right of action under the article in that she was living separate and apart from the decedent, was not dependent on the deceased nor receiving any support from decedent, and living in adultery with another man. The plaintiffs do not cite to us any cases so holding. However, we cannot agree with plaintiff's contention. The right granted to the surviving spouse under this article is analogous to the right of a surviving widow in necessitous circumstances under Civil Code Article 3252. Under Article 3252, a surviving spouse under like circumstances as in this case would be entitled to recover. See Veillon v. Lafleur's Estate, 162 La. 214, 110 So. 326. We see no distinction. To hold with the plaintiff we would be legislating, in that the codal article makes no distinction between a faithful and unfaithful wife or surviving spouse, in absence of legal action by the husband and the severing of the matrimonial tie.
For these reasons assigned, the judgment appealed from is affirmed.