SHORTESS, Judge.
Jean Claude Crescionne (decedent), a Louisiana State Police trooper, was killed in the line of duty on April 20, 1982. At the time of his death, he was a member of the Louisiana State Police Retirement System. Prior to his death, he had been married three times. His first marriage was to the plaintiff, Sheila B. Crescionne. Two children were born of this marriage, Jean Claude Crescionne, Jr., and Michelle Cres-cionne, before it was terminated by divorce. The second marriage was childless and was also terminated by divorce. The third marriage was to Sara Gaddy Crescionne (inter-venor), and one child was born of this marriage before intervenor and decedent obtained a judicial separation on October 29, 1981.
After decedent’s death, intervenor was awarded survivor benefits pursuant to La. R.S. 40:1431. The Louisiana State Police Retirement Board (defendant) denied plaintiff’s application for survivor benefits for her two minor children. Whereupon, plaintiff, on behalf of these children, filed this suit alleging that when decedent was killed, he had no “surviving spouse” as that term is used in La.R.S. 40:1431 and that her minor children were therefore entitled to the survivor benefits provided pursuant to La.R.S. 40:1432.
Sara Gaddy Crescionne intervened in the suit, and both intervenor and defendant filed exceptions of no right of action on the grounds that intervenor was the surviving spouse under the applicable provisions of law which legally precluded plaintiff, as her minor children’s representative, from any interest in this action. After a hearing the trial court maintained the exceptions and dismissed the suit.
Survivor benefits awarded to intervenor were pursuant to La.R.S. 40:1431, which states as follows:
The surviving spouse of any state police employee whose death results from injury received in line of duty shall be pensioned at seventy-five percent of the salary being received by the employee at the time of the injury. This pension shall be paid only so long as the surviving spouse is eligible under the provisions of this Subpart.
*22 Plaintiff argues that intervenor was not decedent’s surviving spouse as that term is used in La.R.S. 40:1431. Intervenor and decedent were judicially separated. Inter-venor received no alimony from decedent and was not dependent upon him in any way at the time of his death. His three children, on the other hand, were all dependent upon him and received child support on a monthly basis. Plaintiff asserts that survivor benefits should be paid to his three minor children pursuant to La.R.S. 40:1432. The applicable portion of that statute reads as follows:
If there is no surviving spouse to receive the pension due a spouse of any police employee under R.S. 40:1431, R.S. 40:1434, or R.S. 40:1436, the minor children of the deceased employee, if any, shall receive a monthly pension in the proportions set out herein: ...
Unfortunately, “surviving spouse” is not defined in the statutes which govern the State Police Retirement System. Defendant has cited the cases of Harris v. Lumberman’s Mutual Casualty Co. of Chicago, Ill., 48 So.2d 728 (La.App. 1st Cir.1950), and Jones v. Massachusetts Bonding and Insurance Company, 55 So.2d 88 (La.App. 1st Cir.1951), to illustrate the rights of a judicially separated spouse. These cases are factually inapposite. Both dealt with an interpretation of “surviving spouse” as set forth in Civil Code art. 2315.[1] Here, we are dealing with special statutes enacted by our Legislature to provide benefits under the Louisiana State Police Retirement System to retirees and their dependants. The statutes must be considered as a whole. When doing so, the clear intent of the Legislature becomes obvious. A surviving spouse is intended to be one who was married to and living with the deceased at the time of death as per the requirements of La.R.S. 40:1436. In so concluding, we have noted that La.R.S. 40:1432, when amended in 1981, mentions La.R.S. 40:1431, 1434, and 1436 when speaking of a surviving spouse.
For these reasons, the decision maintaining the exceptions of no right and no cause of action and dismissing plaintiffs suit is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. All costs are taxed to defendant.
REVERSED AND REMANDED.

. Decedent’s children would at least share in a Civil Code art. 2315 wrongful death damage award. Here, the harsh results of appellee’s position would leave them without any recourse.