455 So.2d 1362 (1984)
Sheila B. CRESCIONNE, as Tutrix for Jean Claude Crescionne, Jr. and Michelle Crescionne
v.
LOUISIANA STATE POLICE RETIREMENT BOARD.
Nos. 84-C-0510, 84-C-0631.
Supreme Court of Louisiana.
September 10, 1984.
*1363 Michael I. Murphy, Natchitoches, for plaintiff-applicant.
Floyd J. Falcon, Jr., Daniel L. Avant, Avant & Falcon, Baton Rouge; William J. Guste, Jr., Atty. Gen., William C. Toadvin, Asst. Atty. Gen., for defendants-respondents.
William J. Guste, Jr., Atty. Gen., William C. Toadvin, Asst. Atty. Gen., for defendant-applicant.
Michael I. Murphy, Natchitoches, Floyd J. Falcon, Jr., Daniel L. Avant, Avant & Falcon, Baton Rouge, for plaintiff-respondent.
BLANCHE, Justice.
Jean Claude Crescionne, Sr., was a Louisiana State Police Trooper when he was killed in the line of duty on April 20, 1982. Prior to his death, Crescionne had been married three times. His first marriage was to Sheila B. Crescionne, who has filed this action as tutrix for and on behalf of her two minor children born of this marriage before it ended in divorce. The second marriage was childless and also ended in divorce. The third marriage was to the intervenor in this case, Sara G. Crescionne, and one child was born of that marriage. Sara Crescionne and the deceased obtained a judgment of separation from bed and board on October 29, 1981.
Upon Trooper Crescionne's death, the Louisiana State Police Retirement Board, defendant herein, awarded survivor's benefits to Sara G. Crescionne pursuant to La. R.S. 40:1431, which provides:
The surviving spouse of any police employee whose death results from injury received in line of duty shall be pensioned at seventy-five percent of the salary being received by the employee at the time of the injury. This pension shall be paid only so long as the surviving spouse is eligible under the provisions of this Subpart.
Thereafter, the Board denied plaintiff's application for survivor's benefits on behalf of her two minor children. This suit was then filed seeking survivor benefits for the minors under La.R.S. 40:1432.[1] Sara G. Crescionne intervened and, along with the defendant, filed peremptory exceptions of no right of action. A hearing was held and the trial court sustained the exceptions and dismissed the suit. On appeal, the First Circuit reversed the decision of the trial court. Both the intervenor and the Board sought writs from this court, and we granted them to consider the sole question of the meaning of the term "surviving spouse" in R.S. 40:1431.
The First Circuit ruled that all of the statutes governing the State Police Retirement System must be read in pari materia and that though the term "surviving spouse" is not defined in § 1431, it must refer to one "married to and living with the deceased as per the requirements of La. R.S. 40:1436." 447 So.2d 20 at 22 (La.App. 1st Cir.1984). We disagree.
While it is true that the Civil Code directs that laws on the same subject matter should be construed with reference to one another, it is also true that it is only when one statute is unclear that another on the same subject should be called in aid to explain it. La.C.C. art. 17. Otherwise, where there is no ambiguity, the words of a statute are to be read in their most usual significance, that is, according to their general and popular use. La.C.C. art. 14. The term "surviving spouse" is used without qualification not only in § 1431 of Title 40, but also in §§ 1432, 1434, 1435, and 1436. *1364 The ordinary meaning of the word "spouse" is one's husband or wife, and marriage is dissolved only by death, divorce, judicial decree of nullity, or the contracting of another marriage on account of absence when authorized by law. La.C.C. art. 136. Had the legislature intended that a use of the term other than the one usually and generally understood, it could have given the words "surviving spouse" a legal definition for use in the Subpart of Title 40 concerning the State Police Retirement System, as it did for several other terms in § 1421. We note especially that the legislature amended § 1421 in 1981 in order to specifically define "minor child" and "student" for the purposes of this Subpart.
La.R.S. 40:1436, which the appellate court relied upon, deals not with survivor's benefits to a dependent of an active duty trooper, but with continued retirement benefits to a spouse or minor child of a trooper who had retired before his death. In such a case, the survivor benefits are awarded to the surviving spouse who 1) had been married to the retiree for at least two years prior to his death, and 2) was living with the deceased at the time of death.
A careful reading of § 1436 makes it clear that the statute does not define "surviving spouse," but merely imposes two conditions which must be met for the surviving spouse to be eligible to receive the pension benefits. In imposing these prerequisites, the legislature sought to serve the policy interest of protecting against the death-bed marriage of a retired trooper for no reason other than to provide benefits to the spouse for life, a policy which is of no concern in a statute providing for survivor's benefits of an active-duty officer. By the same token, we believe it would be against the policy of the state to provide benefits to the survivor whose spouse was killed in action to require that the couple be married for two years before the benefits would attach, which would be the result if this court adopted the appellate court's position.
Since there is no special statutory definition of the term "surviving spouse," we hold that it must be given its ordinary, commonly understood meaning, with the result that the spouse who is judicially separated at the time of death is still the surviving spouse and the sole eligible recipient of the benefits of R.S. 40:1431. Counsel for the plaintiff has pointed out the harshness of denying support to minor children of the decedent in favor of a surviving spouse who was legally separated from the decedent at the time of death, but when a statute is clear and unambiguous, this court is bound to apply it as it is written and it is for the legislature to amend the statute if it is inequitable.

DECREE
For the reasons explained above, the decision of the court of appeals is reversed and that of the trial court reinstated. The case is dismissed with costs to the appellant.
REVERSED AND DISMISSED.
LEMMON, J., dissents.
DENNIS, J., dissents with reasons.
NOTES
[1] La.R.S. 40:1432 provides, in pertinent part:

If there is no surviving spouse to receive the pension due a spouse of any police employee under R.S. 40:1431, R.S. 40:1434, or R.S. 40:1436, the minor children of the deceased employee, if any, shall receive a monthly pension in the proportions set out herein:
(2) Three such minor childrenfifty percent of the average deceased police employee, equally divided among them.