GOTHARD, Judge.
This appeal is from a judgment in favor of the Employees’ Retirement System of Jefferson Parish, dismissing the plaintiff’s claim for surviving spouse’s benefits with prejudice.
Joyce Collongues and Lawrence Maurice Corne, Jr. were married on December 19, 1959. The husband was employed by Jefferson Parish from December 16, 1971 to *255 December 18, 1981 and was a member of the Employees’ Retirement System of Jefferson Parish from its inception, January 1, 1973. Come suffered a stroke in 1981 and retired in December, 1981 on disability. Joyce Corne as agent for her husband applied for retirement benefits and elected Option II of the Jefferson Parish plan, which provided for reduced monthly benefits of $847.37 per month and for his surviving spouse’s entitlement to a lesser benefit upon his death. Corne began receiving monthly benefits from the Retirement System and died on October 27, 1988.
The couple had been divorced on July 24, 1985. By consent judgment dated January 9, 1986 Mrs. Corne’s community interest in the pension was recognized and she agreed to accept a lesser amount, $200 per month, subject to his estate’s reimbursement of the balance of her one-half interest upon his remarriage or death. Upon his death, the Retirement System declined her application for surviving spouse’s benefits. She then filed a petition for declaratory judgment, seeking to be declared the surviving spouse/beneficiary of Lawrence Maurice Corne and entitled to one-half the monthly retirement benefit, and, alternatively, to have the payment option selected declared null, void, and unenforceable and herself to be entitled to payment of what Corne would have received under the maximum disability retirement benefits option, less the amount Corne actually received.
On December 6,1991 after a hearing, the court signed a judgment dismissing Mrs. Corne’s claim.
The issue raised on appeal is whether the court erred in not finding that surviving spouse/beneficiary benefits were due her from the Retirement System under a contractual theory or, alternatively, under a detrimental reliance theory of liability.
The ordinance establishing the Employees’ Retirement System of Jefferson Parish, adopted January 18, 1973 and amended on March 29, 1978, provides that:
Section 5(5)(c) — If a member dies ... after a disability retirement and having elected the minimum benefit, the surviving spouse shall be entitled to one-half of the benefit that was paid to the member (including payments made by Parochial Employees’ Retirement System). The benefit payment shall commence from the date of the member’s death.
Section 5(5)(d) — All benefit payments provided in (a), (b) and (c) above, shall commence only if the following conditions are met:
(1) the Employees’ Retirement System of Jefferson Parish has been effectively made beneficiary of all case residuals in the deceased member’s Annuity Savings Fund of the Parochial Employees’ Retirement System,
and
(2) the surviving spouse claimant furnishes within one year of the date of the member’s death documentary proof of surviving spouse status.
The Retirement System refused to recognize Mrs. Corne as surviving spouse because of the judgment of divorce.
The plaintiff’s first argument is that the documents presented to Mrs. Corne to sign on December 21, 1981 were ambiguous and internally inconsistent. On the preliminary “Retirement Calculation Sheet” Mrs. Corne as “wife” was named “Beneficiary,” while in the contract, the document upon which Mrs. Corne as agent for her husband actually designated Option II, it is stated that, “Monthly benefit ... would provide one-half of this amount to surviving spouse at death of retiree.” [Emphasis supplied.]
Mrs. Corne argues that, since a “beneficiary” need not be a spouse or surviving spouse, the documents are ambiguous and should be interpreted in her favor. On the same calculation sheet “spouse” and “surviving spouse” both appear. That document contained notations showing the amount she would receive if he died, as surviving spouse, and she signed it to indicate she understood the provisions.
In Crescionne v. La. State Police Retire. Bd., 455 So.2d 1362 (La.1984), the court considered the meaning of the term “surviving spouse” in the statute providing for State Police Retirement System benefits. The court said that, “The ordinary meaning of the word ‘spouse’ is one’s husband or *256 wife, and marriage is dissolved only by death, divorce, judicial decree of nullity, or the contracting of another marriage on account of absence when authorized by law_” LSA-C.C. art. 11 provides that the words of a law must be given their generally prevailing meaning. Consequently, we find that the words “beneficiary” and “wife” appearing on the calculation sheet along with “spouse” and “surviving spouse” do not create an ambiguity. At the time she selected Option II and signed the calculation sheet, she was in fact a wife, a spouse, and potentially a surviving spouse/beneficiary.
The plaintiff’s second argument is that she relied to her detriment upon incomplete information provided by Nicholas A. Currault, former secretary-manager of the Jefferson system.
Currault testified that he met first with Mrs. Corne and her attorney to explain the retirement benefits available to her disabled husband; then on December 21, 1981 she came back to sign with her attorney present. Currault explained that four of the six single-page documents were required by the State Parochial Employees’ Retirement System to initiate the benefit. The benefit during Corne’s life was funded by two systems, the Parochial System and the Jefferson System, but only the Jefferson System provided surviving spouses’ benefits.
He explained to her that by electing to take a lesser monthly benefit, she would be able to receive a benefit as a surviving spouse and that the option was irrevocable. He did not state that if she and her husband were to divorce, she would not receive surviving spouse’s benefits; however, she did not ask nor did her attorney.
Mrs. Corne argues that although she and Corne were divorced she understood herself to be his spouse since he had not remarried. Had she known that by divorcing she would have lost surviving spouse status, she would have opted for maximum lifetime benefits or would not have filed for divorce. Mrs. Corne admitted on cross examination that she understood that a “spouse” is a person who is married to another person. She acknowledged that if Corne had remarried she would no longer be his spouse. At the time she signed the documents she was not contemplating a divorce.
Although a layman might have been confused initially by having to review forms from the two retirement systems, there was no ambiguity that would lead Mrs. Corne to misunderstand the term “surviving spouse.” Her attorney was present for the first interview with Mr. Currault and for the second, when he reviewed and approved the documents before she signed them. She was represented by counsel during the divorce proceedings and could have inquired then as to the effect on her retirement benefits. Accordingly, we discount the argument that the contract should be interpreted in her favor because an ambiguity arose from “lack of a necessary explanation that one party should have given.” LSA-C.C. art. 2057. The explanation was adequate and there was no ambiguity as to her entitlement.
As we find no error in the decision appealed from, the judgment is affirmed.
AFFIRMED.