Dear Ms. Gann:
Your correspondence of recent date indicates you seek instruction concerning the eligibility of an ex-wife to the continued retirement benefits owed a state trooper who had retired prior to his death. R.S.11:1322 is pertinent to your inquiry and provides:
 § 1322. Death of former or retired employee; pension payable to survivors
 A. The surviving spouse of a deceased former employee shall receive a pension in an amount equal to the monthly retirement pay that would have been payable to the decedent, provided all of the following conditions exist:
 (1) The decedent had terminated employment covered by this system prior to attaining the requisite age for retirement eligibility.
 (2) The decedent has credit for at least ten years of service in this system and has contributions credited to his account.
 (3) The surviving spouse was married to the decedent for at least two years prior to the decedent's death and was living with the decedent at the time of death.
 B. The surviving spouse of a deceased retired employee shall receive a pension in an amount equal to the monthly retirement pay that was being paid to the decedent on the date of death, provided the surviving spouse was married to the decedent for at least two years prior to the decedent's death and was living with the decedent at the time of death.
 C. If there is no surviving spouse eligible to receive benefits pursuant to Subsection A or B of this Section, the minor children of the decedent shall be entitled to benefits as provided in R.S. 11:1317. If there is no surviving spouse eligible to receive benefits pursuant to Subsection A or B of this Section and there are no eligible minor children, then the parents of the decedent shall be entitled to benefits as provided in R.S. 11:1319.
 D. Remarriage of the surviving spouse acts as a forfeiture of any rights to receive any further benefits hereunder, except as provided in R.S. 11:1321
(B).
Reviewing the provisions quoted above, the court in Crescionne vs.Louisiana State Police Retirement Board, 455 So.2d 1362 (La. 1984), stated:
 La. R.S. 40:1436 (now R.S. 11:1322), which the appellate court relied upon, deals not with survivors benefits to a dependent of an active duty trooper, but with continued retirement benefits to a spouse or minor child of a trooper who had retired before his death. In such a case, the survivor benefits are awarded to the surviving spouse who 1) had been married to the retiree for at least two years prior to his death, and 2) was living with the deceased at the time of death. Crescionne, at page 1363.
The court in Crescionne further defined "surviving spouse" to mean the following:
 The ordinary meaning of the word "spouse" is one's husband or wife, and marriage is dissolved only be death, divorce, judicial decree of nullity, or the contracting of another marriage on account of absence when authorized by law. La. C.C. art. 136. Had the legislature intended that a use of the term other than the one usually and generally understood, It could have given the words "surviving spouse a legal definition for use in the [statutes] concerning the State Police Retirement System. . . . Crescionne, at page 1363.
Thus, the ex-wife in the instant matter appears to have no claim to any survivor benefits as she was not the surviving spouse living with the retiree at the time of his death.
We presume there is no property settlement which would indicate the deceased's retirement benefits must be allocated in a contrary manner.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams